### Don B. COOK

v.

### Bill WATSON, Individually and in his Official Capacity as Investigator for Terrell Police Department, Terrell, Texas.

### No. CA 3-75-166-C.

United States District Court,
N. D. Texas,
Dallas Division.

July 14, 1976.

Don B. Cook, pro se.

Gordon D. Arnold, Jr., City Atty., Terrell, Tex., for defendant.

MEMORANDUM OPINION AND ORDER

WILLIAM M. TAYLOR, Jr., Chief Judge.

Plaintiff Don Cook is an inmate at the Texas Department of Corrections' Ellis unit in Huntsville. Defendant Bill Watson is employed by the police department of Terrell, Texas, as an investigator.

Cook brought this suit against Watson under 42 U.S.C. § 1983, claiming infringement of certain property rights guaranteed by the United States Constitution. Watson filed a motion to dismiss the action for failure to state a claim upon which relief could be granted. Briefs on the motion were filed by both parties, and plaintiff filed a supplemental brief on June 14, 1976. After careful consideration of the pleadings and briefs, and ever so mindful that pro se complaints from prisoners "are to be read very liberally," *Covington v. Cole,* 528 F.2d 1365 (5th Cir. 1976), this Court is of the opinion that the cause of action should be dismissed.

I.

The circumstances resulting in the filing of this complaint are as follows. On May 30, 1974, Cook was arrested by two officers of the Terrell Police Department at 10:25 p. m. inside the Quality Ford & Mercury dealership in Terrell. Police had been alerted to Cook's presence at the dealership by a silent alarm signal.

Upon arrest, Cook was found to have in his possession a .38 caliber revolver, which is the subject of this suit. The arresting officers confiscated the weapon, arrested Cook and took him before a magistrate who

warned him of his rights and charged him with the offense of burglary.[1] On June 27, 1974, Cook was indicted for burglary by the Kaufman County Grand Jury. On September 23, 1974, Cook was tried, convicted, and sentenced on the charge, and then transferred to the Texas Department of Corrections. The pistol, which was confiscated from Cook when he was arrested, is currently in the property room of the Terrell Police Department.

Cook filed this suit on September 23, 1975, complaining that neither defendant nor the Terrell Police Department was legally justified in keeping the pistol within his or its custody. By failing to return the gun to Cook or his relatives, Cook complains that he is being deprived of his right to property under the Due Process Clause and 42 U.S.C. § 1983. Such complaint is totally without merit.

## II.

In dismissing this complaint for failure to state a claim, this Court is cognizant of Judge Goldberg's warning in *Covington* that the labels "fails to state a cause of action" and "frivolous" be applied only when a record is developed to justify such labels. *Supra* at 1373.

The record in the case at bar has been developed to the extent that both parties have filed original briefs and plaintiff has filed a supplemental brief. To expand the record any further would, in this Court's opinion, constitute a mere academic exercise in futility, since under no stretch of legal reasoning or imagination are the allegations of plaintiff's complaint actionable.

42 U.S.C. § 1983 has been held, in some jurisdictions, to protect a prisoner's right to property which had been illegally taken or withheld from him by prison officials. *Hansen v. May,* 502 F.2d 728 (9th Cir. 1974); *Russell v. Bodner,* 489 F.2d 280 (3d Cir. 1973). To conclude from these cases, however, that Section 1983 entitles a legally convicted prisoner to have his pistol, which was confiscated upon arrest, returned to him before his release, is untenable.

## III.

Were the scope of Section 1983 so distorted as to protect plaintiff's property right in the case at bar, the facts as viewed in the light most favorable to plaintiff would not support a claim for relief. The provisions of the Texas Code of Criminal Procedure, Articles 18.18 and 18.19, pertaining to the disposition of confiscated weapons[2] provide

1. See affidavit of Magistrate Dickie B. Grier, filed in a related suit, *Cook v. Brockway,* Civil Action No. 3–74–970–C (N.D.Tex.1976). Plaintiff has also alleged in his complaint that he was not warned of his rights upon arrest. This issue was resolved against him in the *Brockway* case.

2. The provisions referred to are as follows:

   Art. 18.18 Disposition of gambling paraphernalia, prohibited weapon, criminal instrument

   (a) Following the final conviction of a person for possession of a gambling device or equipment, altered gambling equipment, or gambling paraphernalia, for an offense involving a criminal instrument, or an offense involving a prohibited weapon, the court entering the judgment of conviction shall order that the machine, device, gambling equipment or gambling paraphernalia, instrument, or weapon be destroyed or forfeited to the state. If forfeited, the court shall order the contraband delivered to the state, any political subdivision of the state, or to any state institution or agency. If gambling proceeds

   were seized, the court shall order them forfeited to the state and shall transmit them to the grand jury of the county in which they were seized for use in investigating alleged violations of the Penal Code, or to the state, any political subdivision of the state, or to any state institution or agency.

   (b) If there is no prosecution or conviction following seizure, the magistrate to whom the return was made shall notify in writing the person found in possession of the alleged gambling device or equipment, altered gambling equipment or gambling paraphernalia, gambling proceeds, prohibited weapon, or criminal instrument to show cause why the property seized should not be destroyed or the proceeds forfeited.

   (c) The magistrate shall include in the notice a detailed description of the property seized and the total amount of alleged gambling proceeds; the name of the person found in possession; the address where the property or proceeds were seized; and the date and time of the seizure.

   (d) The magistrate shall send the notice by registered or certified mail, return receipt re-

ample due process protection to persons with claims for relief similar to those of plaintiff. The facts reveal, to this Court's satisfaction, that the defendant and the Terrell Police Department have acted within the dictates of the Code.

### IV.

It is the opinion of this Court that plaintiff's complaint fails to state a claim for which relief could be granted. Accordingly, judgment will be entered for defendant.

So ORDERED, this the 14th day of July, 1976.

quested, to the person found in possession at the address where the property or proceeds were seized. If no one was found in possession, or the possessor's address is unknown, the magistrate shall post the notice on the courthouse door.

(e) Any person interested in the alleged gambling device or equipment, altered gambling equipment or gambling paraphernalia, gambling proceeds, prohibited weapon, or criminal instrument seized must appear before the magistrate on the 20th day following the date the notice was mailed or posted. Failure to timely appear forfeits any interest the person may have in the property or proceeds seized, and no person after failing to timely appear may contest destruction or forfeiture.

(f) If a person timely appears to show cause why the property or proceeds should not be destroyed or forfeited, the magistrate shall conduct a hearing on the issue and determine the nature of property or proceeds and the person's interest therein. Unless the person proves by a preponderance of the evidence that the property or proceeds is not gambling equipment, altered gambling equipment, gambling paraphernalia, gambling device, gambling proceeds, prohibited weapon, or criminal instrument, and that he is entitled to possession, the magistrate shall dispose of the property or proceeds in accordance with Paragraph (a) of this article.

(g) For purposes of this article:

(1) "criminal instrument" has the meaning defined in the Penal Code;

(2) "gambling device or equipment, altered gambling equipment or gambling paraphernalia" has the meaning defined in the Penal Code;

(3) "prohibited weapon" has the meaning defined in the Penal Code.

Art. 18.19 Disposition of certain weapons

(a) Weapons seized in connection with an offense involving the use of a deadly weapon or an offense under Penal Code Chapter 46 shall be held by the law enforcement agency making the seizure, subject to the following provisions, unless:

(1) the weapon is a prohibited weapon identified in Penal Code Chapter 46, in which event Article 18.18 of this code applies; or

(2) the weapon is alleged to be stolen property, in which event Chapter 47 of this code applies.

(b) When a weapon described in Paragraph (a) of this article is seized, and the seizure is not made pursuant to a search or arrest warrant, the person seizing the same shall prepare and deliver to a magistrate a written inventory of each weapon seized.

(c) If there is no prosecution or conviction for an offense involving the weapon seized, the magistrate to whom the seizure was reported shall notify in writing the person found in possession that he is entitled to the weapon upon request to the court in which he was convicted. If the weapon is not requested within 60 days after notification, the magistrate may order the weapon destroyed or forfeited to the state for use by the law enforcement agency holding the weapon.

(d) A person convicted under Penal Code Chapter 46 is entitled to the weapon seized upon request to the law enforcement agency holding the weapon. However, the court entering the judgment of conviction may order the weapon destroyed or forfeited to the state for use by the law enforcement agency holding the weapon if:

(1) the person does not request the weapon within 60 days after his release from jail or the date of the judgment of conviction if he was not imprisoned; or

(2) the person has been previously convicted under Penal Code Chapter 46; or

(3) the weapon is one defined as a prohibited weapon under Penal Code Chapter 46.

(e) If the person found in possession of a weapon is convicted of an offense involving the use of a deadly weapon or under Penal Code Chapter 46, the court entering judgment of conviction may order destruction of the weapon or forfeiture to the state for use by the law enforcement agency holding the weapon.