Herman RUSSELL, Appellant,

v.

Joseph BODNER, Security Officer of the State Correctional Facility at Pittsburgh, Pennsylvania et al., Appellees.

No. 72–1788.

United States Court of Appeals, Third Circuit.

Submitted April 9, 1973.

Decided May 29, 1973.

Adams, Circuit Judge, concurred in result and filed opinion.

Herman Russell, pro se.

J. Shane Creamer, Atty. Gen., Donetta W. Ambrose, Asst. Atty. Gen., Frederick N. Frank, Dept. of Justice, Harrisburg, Pa., for appellees.

Before ADAMS and GIBBONS, Circuit Judges, and LORD, District Judge.

PER CURIAM.

This is an appeal from an order dismissing as frivolous a *pro se in forma pauperis* prisoner Civil Rights Act complaint, after filing, but before the service of process or of any responsive pleading or motion. The complaint alleges that the defendant, a guard at the State Correctional Institution at Pittsburgh, Pennsylvania, entered the plaintiff's cell and took some food. When plaintiff questioned the defendant's authority to do so defendant responded that plaintiff ". . . was an inmate and himself an officer of justice (sic) that his authority lay in the social posi-

tions." Plaintiff informed the defendant that if he ever entered plaintiff's cell for any other purpose than a general shakedown, or by permission and authority of his superiors, administrative action would be initiated. Defendant responded that an inmate had no remedy available to prevent a security officer from taking whatever he wanted out of inmates' cells, and went on to say "I'll prove it to you." Thereafter defendant entered plaintiff's cell and took seven packages of plaintiff's cigarettes. Plaintiff forwarded several requests to the warden for relief, but the warden refused to respond. The complaint seeks injunctive relief and damages.

Judged according to the standard of Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam), and of Gittlemacker v. Prasse, 428 F.2d 1, 6 (3d Cir. 1970), the complaint sufficiently alleges that the guard, relying on his position and authority as such, entered the plaintiff's cell and confiscated his cigarettes without justification. Accepting these allegations as true, as in the present posture of the case we must, the guard's action was under color of state law within the meaning of 42 U.S.C. § 1983.

> "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941).

The value of the cigarettes is not determinative of the federal court's jurisdiction in a Civil Rights Act case. Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972).

The order appealed from will be reversed and the case remanded for further proceedings in compliance with the Federal Rules of Civil Procedure.

ADAMS, Circuit Judge (concurring):

I am constrained to concur in the result reached by the Court in this case,

and do so solely on the ground that the complaint sufficiently states a section 1983 cause of action to survive a motion to dismiss. Having been reluctantly persuaded that the ancient maxim "de minimis non curat lex" does not apply to civil rights actions such as the one presented here, it is my view that this Court has no choice but to conclude that the district court erred in dismissing the complaint as frivolous.

This result may well be expected to come as a surprise to the district judge who dismissed the complaint. It will also no doubt generate a certain amount of disbelief in those taxpayers and citizens generally, not to mention judges and lawyers, who will ask how federal courts have come to be concerned with a case in which a state prisoner alleges simply that his constitutional rights were violated when a prison guard took seven packages of cigarettes from him. I have yet to answer this question satisfactorily for myself.