**Rudolph Melvin CRUZ, Appellant,**

v.

**Lyman CARDWELL, Sheriff of Taney County, Missouri, Appellee.**

No. 73–1790.

United States Court of Appeals, Eighth Circuit.

Oct. 31, 1973.

Rudolph Melvin Cruz filed motion for leave to proceed on appeal in forma pauperis and affidavit pro se.

Appellee was not represented by counsel in this Court.

Before MATTHES, Senior Circuit Judge and STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

This matter was originally assigned to an Administrative Panel of this court to consider appellant's motion for leave to proceed on appeal in forma pauperis from the order of the district court dismissing his civil rights complaint, and for appointment of counsel. Seeking monetary damages and injunctive relief pursuant to 42 U.S.C. § 1983, appellant alleged in his complaint that respondent as Sheriff of Taney County, Missouri seized $206.00 from the person of the appellant in connection with his arrest and subsequently failed and refused to return the money to appellant upon his transfer to the Missouri Department of Corrections on or about June 14, 1971.

Respondent had previously filed a similar complaint which was dismissed April 16, 1973. Rudolph M. Cruz v. Lyman Cardwell, Sheriff of Taney County, Missouri, W.D.Mo., So.Div., No. 73–CV–165–S. In dismissing that complaint, the trial judge held that plaintiff had failed to allege facts showing a deprivation of a right, privilege or immunity secured to him by the Constitution and laws of the United States, citing Pugliano v. Staziak, 231 F.Supp. 347, 349 (W.D.Pa.1964). That case simply held that allegations in a civil rights complaint must allege highly specific facts and must not state bare conclusory allegations without support in facts alleged. In his complaint, Cruz had incorporated copies of correspondence with respondent in which respondent in effect stated that he had not found a means to pay appellant his money. The trial court suggested that there were adequate statutory procedures in Missouri to care for the estates of convicts. 25 V.A.M.S. §§ 460.010 to 460.240 (1956). The court further held that since respondent was willing to return the money, no constitutional right was seen to have been violated.

In this case, appellant has realleged in greater detail the facts upon which his action is based, including an allegation that respondent failed to follow customary procedures in not transferring the personal property of appellant at the time he was transferred to the state correctional institution. In his order dismissing the Complaint on August 16, 1973, the trial judge reasserted his lack of jurisdiction for reasons stated in his earlier order.

We conclude from our examination of the complaint in this case that it states a claim for relief under 42 U.S.C. § 1983. See Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed. 2d 418 (1971). It is now settled law that jurisdiction in civil rights actions does not depend upon the presence of personal as distinguished from property rights. Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L. Ed.2d 424 (1972); Rosen v. Hursh, 464 F.2d 731, 734 (8th Cir. 1972).

A complaint alleging violations of civil rights should not be dis-

missed unless it appears to a certainty that the plaintiff is entitled to no relief under any state of the facts which could be proved in support of his claim. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957). *Pro se* complaints are held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Jones v. Lockhart, 484 F.2d 1192 (8th Cir. 1973). In this case, we do not view the correspondence from Sheriff Cardwell, incorporated in the complaint, as facially rebutting other factual allegations that the sheriff, under color of state law, deprived the appellant of his property in violation of his constitutional rights. It may be that upon the development of a more complete record, there will be a basis for a summary determination. *See* Lewis v. Chrysler Motors Corp., 456 F.2d 605 (8th Cir. 1972). Dismissal on the pleadings, however, was premature.

Appellant's motion for leave to appeal in forma pauperis is granted. Appellant's motion for appointment of counsel is denied at this time. The order of the District Court dismissing the complaint is reversed, and the cause is remanded for further proceedings.