**John R. HANSEN, Appellant,**

v.

**Raymond W. MAY, Appellee.**

**No. 74-1048.**

United States Court of Appeals,
Ninth Circuit.

Aug. 15, 1974.

---

1. 18 U.S.C. § 3500.

John R. Hansen, in pro. per.

W. Anthony Park, Atty. Gen., Boise, Idaho, for appellee.

Before HAMLEY, ELY and TRASK, Circuit Judges.

## OPINION

ELY, Circuit Judge:

This appeal is from the District Court's summary denial of Hansen's "Petition for Writ of Habeas Corpus". Hansen, a state prisoner, alleged in his "Petition" that when he was placed in maximum security confinement, all his personal property was confiscated and that upon his release from the restricted confinement, over half of his property was not returned. Contending that the taking of his property constituted an illegal search and seizure and an infringement of his due process rights, Hansen sought the return of his property or the cash equivalent of its value.

While Hansen drafted his complaint on the standard form, "Petition for Writ of Habeas Corpus," he clearly indicated that he was not challenging any conviction or seeking release from custody, but only seeking the return of his property or reimbursement therefor. He, in fact, claimed access to the District Court on the basis of 42 U.S.C. § 1883 (sic) (obviously meaning 1983). Despite the labeling of his com-

plaint, he was, therefore, entitled to have his action treated as a claim for relief under the Civil Rights Act. *See* Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971). Pleadings drafted by laymen, proceeding *in propria persona,* are to be interpreted by the application of less rigid standards than those applied to formal documents prepared by lawyers. Haines v. Kerner et al., 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

■ Our court has held that a prisoner is entitled to the Fourth Amendment's protection from unreasonable searches and seizures. United States v. Savage, 482 F.2d 1371, 1372 (9th Cir. 1973), cert. denied, 415 U.S. 932, 94 S. Ct. 1446, 39 L.Ed.2d 491 (1974).

Even assuming that Hansen's Fourth Amendment claim is without merit and that his jailers were justified in gathering his belongings for protection while he was in maximum security confinement, Hansen alleged that some of his property was not returned to him. He also claimed that he was thus deprived of his property without due process of law.

■ The Supreme Court has held that property rights are cognizable and protectible under the Civil Rights Act. Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972). May, the warden of the prison, argues that the *Lynch* doctrine does not apply to state prisoners. There is no authority to support this contention. To the contrary, the Supreme Court cited *Lynch* in vacating and remanding an action in which a state prisoner had attempted to seek the return of personal property taken by two custodial officers. Weddle v. Dir., Patuxent Insti., 405 U.S. 1036, 92 S.Ct. 1318, 31 L.Ed.2d 577 (1972). *See also* Montana v. Harrelson, 469 F.2d 1091 (5th Cir. 1972).

The warden also argues that even if a state prisoner's claim of property loss is cognizable in a civil rights action, May's petition was yet insufficient in two respects.

■■ First, May contends that the Civil Rights Act creates only personal liability and that Hansen did not allege that May personally took an active part in the confiscation of the property. If Hansen's pleading was defective in this respect, the defect could easily have been corrected by amendment. Even if Hansen does not claim that May personally participated in the confiscation, if Idaho, by statute, imposed liability upon the warden for the misconduct of his subordinates, May could be responsible under 42 U.S.C. § 1983. Hesselgesser v. Reilly, 440 F.2d 901 (9th Cir. 1971). Finally, even assuming that May could not properly be held personally responsible, Hansen could have amended his complaint to state a claim by adding as defendants those prison officials who did gather and hold his personal property. Hansen should have been given his established right to amend his pleading before the court summarily denied his petition. Potter v. McCall, 433 F.2d 1087 (9th Cir. 1970); Keeton v. Procunier, 468 F. 2d 810 (9th Cir.), cert. denied, 411 U.S. 987, 93 S.Ct. 2276, 36 L.Ed.2d 965 (1972). May had filed no responsive pleading. *See* Rule 15(a) Fed.R.Civ.P.

Second, May argues that Hansen's complaint is insufficient because May did not allege that the conduct in question was in pursuance of a systematic policy of discrimination against a class or group of persons. Our court subsequently recalled the January 14, 1974, opinion in Wheeler v. Procunier, No. 72–1523 (9th Cir.), upon which May bases his second contention. See the second revised opinion on rehearing in Wheeler v. Procunier, (9th Cir. Dec. 23, 1974).

The District Court's Order is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.