James E. McKENNA, Appellant,

v.

Nicholas FARGO, Director of Public Safety, Jersey City, and Raymond Gibney, Chief of Jersey City Fire Department, Appellees.

No. 74-1547.

United States Court of Appeals, Third Circuit.

Argued Jan. 20, 1975.

Decided Feb. 11, 1975.

Kevin Michael Prongay, Jersey City, N. J., for appellant.

Dennis L. McGill, Corp. Counsel, William J. Cleary, Jr., Thomas S. Fodice, Asst. Corp. Counsel of Jersey City, N. J., for appellees.

Before VAN DUSEN, GIBBONS and HUNTER, Circuit Judges.

OPINION OF THE COURT

GIBBONS, Circuit Judge.

This is an appeal from an order of the district court "that plaintiff's complaint be dismissed with prejudice for lack of federal subject matter jurisdiction." The complaint was filed on April 17, 1974 by appellant McKenna, a resident of Jersey City, New Jersey, against appellees Fargo and Gibney, the Director of Public Safety and Chief of the Fire Department, respectively of that city. It alleges jurisdiction under 28 U.S.C. § 1343. Relying on 42 U.S.C. § 1983 and 28 U.S.C. § 2201 it seeks declaratory and injunctive relief to prevent the city from requiring that McKenna, as a precondition to his appointment to the Fire Department, take a psychological examination alleged to be a serious infringement of fundamental rights guaranteed by the United States Constitution.

Duly verified, the complaint charges that the psychological examination includes personal interviews in which questions are asked about the applicant's family, his social, religious, sexual and political beliefs, his physical functions, including bowel and bladder habits, and matters concerning personal hygiene. The complaint alleges, moreover, that subjecting McKenna to this intrusive testing

"deprive[s] plaintiff of his fundamental rights of freedom of expression and association under the First Amendment of the United States Constitution, (a) by chilling plaintiff's desire to freely express himself both during the testing periods and during his everyday affairs; and (b) by deterring plaintiff from associating with other parties who may be considered 'abnormal psychological types' by the defendants and the testing administrators."

The complaint further alleges that the testing deprives McKenna of his fundamental right to privacy safeguarded by the Constitution by requiring that he divulge information about his political, religious, social, economic, family and sexual beliefs and behavior which are within the realm of personal and marital sanctity, as a precondition to employment with the Fire Department. Finally, the complaint alleges that McKenna submitted to one set of tests for an earlier civil service list for the Fire Department but was not appointed before that list expired.

On April 17, 1974, the date the complaint was filed, a district court judge issued an order directing the defendants to show cause on April 22, 1974 why a preliminary injunction should not issue ordering them to withdraw all directions, orders, or commands to plaintiff to submit to psychological retesting as a precondition to appointment to the Fire Department. Because the district court had not issued a temporary restraining order, and the psychological test was scheduled for April 18, 1974, McKenna submitted to the exam on that date. On April 22, 1974 the defendants submitted the affidavit of Harry W. Western, Deputy Chief of the Fire Department which established that the tests complained of had been required of applicants since 1966, and alleged:

"Since approximately one and one-half years had passed since the last of the applicants from the previous list had undergone processing, I administratively determined that all applicants from all previous lists should resubmit to processing before employment."

The affidavit did not attempt to justify the scope of questioning involved in the psychological testing. No answer or motion was filed.

At the hearing on the return day, McKenna's attorney made an opening statement in which he acknowledged that the court could not grant relief with respect to McKenna's submission to the test on April 18th. He urged however that the retention of the results of the exam in computer data banks and the danger to constitutional rights through their dissemination required the granting

of injunctive relief.[1] The district court at this point heard a seven sentence response from the attorney for the defendants, and then ruled from the bench:

"THE COURT: Gentlemen, I think the Courts of the State of New Jersey are better equipped to handle matters such as this. I don't think we have any jurisdiction and this case will be dismissed.

There will be no injunction of the State of New Jersey. Start it in the New Jersey Courts.

MR. PRONGAY: May I have a basis for your ruling?

THE COURT: Because I feel we have no jurisdiction in this case, that it is best held and best attended to by the State Courts. I agree with Chief Justice Burger on that where we're getting every kind of a case you can think of here, when they can be well attended to in the State Courts. Our State Courts are very well equipped. They can handle the Civil Rights requirements. They can handle the testing requirements and that's where they belong. Not here.

MR. PRONGAY: Your Honor, just for the record, your basis for dismissal is——

THE COURT: I just stated it.

MR. PRONGAY: No jurisdiction.

THE COURT: I have no jurisdiction.

MR. PRONGAY: Under 1343(3).

THE COURT: That's right." (Tr. at 7)

On April 25, 1974 a written order in the form quoted at the outset of this opinion was entered.

 On this appeal the appellees, not surprisingly, concede that the court's ruling is indefensible.[2] Instead, they have moved to dismiss the appeal as moot on the ground that McKenna passed the April 18, 1974 psychological and other tests, and has placed second on the current civil service appointment list

---

1. Counsel for appellant stated:

 "We had no difficulty in asking him to submit to another medical examination or accepting another medical examination because we thought that this didn't deal with the mind, but [sic] with beliefs that are inherent in the Constitution, but the psychological examination and basically all this information, I might add, is inside, is computed by Stevens Institute of Technology [the testing contractor] and stored in a data bank and available to different organizations of the American Psycological Association, for cross reference.

 This information is placed in this data bank and it's kept on record. In the future anyone may retrieve it, especially in New Jersey since we have a right to know law which makes just about everything available to anybody on request, and this has been sanctioned by the city which is basically a state subdivision.

 . . . . . .

 [W]e would like an injunction right now at this present time to enjoin the defendants from further using any of this data, segregating this data from the Stevens Institute data bank, and not making it available to Jersey City Fire Department or the results of that test to make a determination as to this man's capability to be a fireman on the Department. He took the test in 1972, passed it.

 I think that, in and of itself, is enough.

 And finally, we would like to have these records retrieved and we believe that this matter will have to await trial. But, in the meantime, we want some protection offered to defend him as far as his constitutional rights and his right to privacy, to keep these records within the repose of Stevens Institute, pending the further litigation in this matter." (Tr. at 3–5)

 Essentially the same contentions had been made in McKenna's brief in support of the application for a preliminary injunction.

2. See, e. g., Russell v. Bodner, 489 F.2d 280 (3d Cir. 1973); Fischer v. Cahill, 474 F.2d 991 (3d Cir. 1973); Marshall v. Brierley, 461 F.2d 929 (3d Cir. 1972).

 The district court's reference in its ruling dismissing the complaint for lack of subject matter jurisdiction undoubtedly related to certain remarks made by Chief Justice Burger at the American Bar Association's annual meeting held in Washington, D. C. during August, 1973. See Burger, Report on the Federal Judicial Branch—1973, 59 A.B.A.J. 1125, 1128 (1973) which commented on Russell v. Bodner, supra. But the Chief Justice was hardly suggesting that the district courts take liberties with the procedural requirements of the Federal Rules of Civil Procedure or disregard plain grounds of federal jurisdiction.

for firemen. At oral argument before this court on January 21, 1975, the parties represented, however, that this list would soon expire and that it was unlikely in the city's present budgetary posture that McKenna would be appointed before the list's expiration. This would, of course, subject him to the likelihood of a repeat battery of psychological testing if he wanted to obtain a place on a new civil service list. Moreover, so far as we have been informed, the data collected in the prior two tests to which the complaint refers, is still stored in the data bank. Thus, the requested relief directed at safeguarding against misuse of the stored data cannot be considered moot. *See* Super Tire Engineering Co. v. McCorkle, 416 U.S. 115, 94 S.Ct. 1694, 39 L.Ed.2d 797 (1974).

The motion to dismiss the appeal as moot will be denied. The order appealed from will be reversed, and the cause remanded to the district court for further proceedings consistent with the Federal Rules of Civil Procedure.