Clarence CARROLL et al.,
Plaintiffs-Appellants,

v.

Allyn R. SIELAFF et al.,
Defendants-Appellees.

No. 74–1098.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 21, 1975.

Decided March 20, 1975.

Ivan E. Bodensteiner, Valparaiso, Ind., Anthony Fusco and Robert Cook, Law Students for plaintiffs-appellants.

William J. Scott, Atty. Gen., James B. Zagel and Raymond McKoski, Asst. Atty.

**416**

Gen., Chicago, Ill., for defendants-appellees.

Before CUMMINGS and SPRECHER, Circuit Judges, and MARKEY, Chief Judge, U. S. Court of Customs and Patent Appeals.*

MARKEY, Chief Judge, U. S. Court of Customs and Patent Appeals.

Prisoners Carroll and Gaston, invoking the district court's jurisdiction under 28 U.S.C. § 1343(3) and claiming violations of their civil rights, brought this action for monetary, injunctive and declaratory relief under 42 U.S.C. §§ 1983 and 1985. Finding that plaintiffs failed to state a cause of action, the court granted defendants' motion for summary judgment. We vacate the judgment and remand for a hearing on the merits.

The prisoners were transferred from the Pontiac branch to the Stateville branch of the Illinois State Penitentiary without a hearing. They argue here that summary judgment was improper because (1) there were unresolved material issues of fact and (2) they were *pro se* litigants, incarcerated throughout the proceedings below and not informed by the district court of the requirements for response to a motion for summary judgment.

We agree that material issues of fact exist as to whether the prisoners lost compensatory "good time," whether the transfer involved such "grievous loss" as to have required the provision of appropriate due process safeguards, and whether the prisoners were improperly deprived of certain personal property. We express no views on the merits or the relief, if any, to be fashioned.

■ The district court found that the complaint failed to state a cause of action respecting "good time" because there was no allegation of affirmative action by prison officials denying it,[1] and

because jurisdiction was lacking under 42 U.S.C. § 1983.

We find, however, that the complaint alleged a loss of opportunity to earn *compensatory* "good time." Evidence of record[2] indicates that affirmative action denying ordinary "good time" is not applicable to the present claim respecting compensatory "good time." A question of fact was thus raised and remains unresolved.

■ We do not find jurisdiction lacking. The district court relied on Preiser v. Rodriquez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), but it was there stated that "a prisoner's state remedy must be adequate and available, as indeed [28 USC] § 2254(b) provides." Though the New York state remedies were adequate in *Preiser*, the statement applies in Illinois, where habeas corpus in the state courts and state administrative remedies are limited to plaintiffs who would be immediately released upon receipt of the "good time" sought. Because these were not such plaintiffs, we hold that a complaint alleging loss of compensatory good time states a cause of action herein under 42 U.S.C. § 1983.

■ Whether, assuming its existence, the loss of opportunity to earn compensatory "good time" constituted a "grievous loss," and thus in itself invoked a requirement for procedural due process in connection with the transfer, must await the findings of the district court after an evidentiary hearing. Concerning other bases for the claim of grievous loss, we note the district court's reliance on *defendants'* affidavits respecting the reasons for the prisoners' segregation and the conditions in Cell House "C" to which they were confined. Functioning *pro se*, Carroll and Gaston filed no counter affidavits but did file a sworn "Memorandum of Law" specifically challenging factual allegations in defendants' af-

---

* Sitting by designation.

1. Illinois Department of Corrections Administrative Regulation, Adult Division, Section 813.

2. Stateville Correctional Center, Bulletin No. 50, dated April 2, 1974, entitled "Compensatory Time Clarification," indicates that compensatory good time could not be earned from April to September 1973 by those who, like appellants, were not assigned to work or were assigned to segregation during that period.

fidavits and raising factual issues concerning the effect of the transfer on their interests. Whether they suffered "grievous loss" as a result of the transfer, in the light of this record, depends upon an inquiry into the actual differences between the two institutions at the time of their transfer, the reason for the transfer,[3] the basis for their segregation at Stateville, and whether the facts thus determined reflect such substantial deprivations as to have required at least minimum due process. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); United States ex rel. Haymes v. Montanye, 505 F.2d 977 (2d Cir. 1974); Newkirk v. Butler, 499 F.2d 1214 (2d Cir. 1974), cert. granted, *sub nom.*, Preiser v. Newkirk, 419 U.S. 894, 95 S.Ct. 172, 42 L.Ed.2d 138 (1974).

■ The judgment concerning the property issue rested in part on defendants' showing that the prisoners had "signed for the return of legal documents and law books." Nothing of record establishes, however, that the typewriter and currency were returned. Defendant-appellees admit the confiscation, but argue that the absence of affidavits, identifying specific property not returned, made summary judgment appropriate. We think not. Appellants were proceeding *pro se.* See Hudson v. Hardy, 134 U.S.App.D.C. 44, 412 F.2d 1091 (1968). The prisoners' "Memorandum of Law," though inadequate under ordinary conditions, in effect repeated the demand for return of their property. Their complaint sought to enjoin defendants from retaining the typewriter and currency. Defendants' "receipt" did not

appear to reflect return of these items or even that all of the confiscated law books had been returned. As Rule 56(e) states, it is to be applied "if appropriate." Considering the entire record, we hold its application, in the matter of the prisoners' property in this case, to have been inappropriate.

■ The district court's statement that allegations of unlawful appropriation of non-legal property do not state a cause of action under the Civil Rights Act appears contrary to guidance provided in Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972), wherein the Supreme Court said:

This Court has never adopted the distinction between personal liberties and proprietary rights as a guide to the contours of § 1343(3) jurisdiction. Today, we expressly reject that distinction.

In *Lynch*, as here, plaintiff brought action for unlawful deprivation of property under 42 U.S.C. § 1983. The holdings in *Lynch*; Watson v. Stynchombe, 504 F.2d 393 (5th Cir. 1974); Russell v. Bodner, 489 F.2d 280 (3rd Cir. 1973); and Cruz v. Cardwell, 486 F.2d 550 (8th Cir. 1973) strengthen our conviction that appellants' allegations of deprivation of property did serve to state a cause of action under 42 U.S.C. § 1983 in this case.

For all of the foregoing reasons, the judgment below is vacated and the cause is remanded to the district court for appropriate evidentiary hearing on the issues discussed herein.

Vacated and remanded.

---

**3.** The district court, citing United States ex rel. Miller v. Twomey, 479 F.2d 701 (7th Cir. 1973), cert. denied, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 102 (1974), noted the tense conditions at Pontiac. One of defendants' affiants (Warden Petrilli) stated that the alternative to transfer was a disciplinary proceeding and a hearing.