Cleveland **KIMBROUGH,**
**Plaintiff-Appellant,**

v.

Dave **O'NEIL** [O'Neal]**, etc., et al.,**
**Defendants-Appellees.**

No. 74–1870.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 26, 1976 En Banc.

Decided Oct. 29, 1976.

William T. Huyck, Chicago, Ill., for plaintiff-appellant.

Robert H. Rice, State's Atty., Robert L. Craig, Asst. State's Atty., Belleville, Ill., for defendants-appellees.

Before FAIRCHILD, Chief Judge, and SWYGERT, CUMMINGS, PELL, SPRECHER, TONE and BAUER, Circuit Judges.*

* Wood, Circuit Judge, was not a member of this Court at the time of the oral argument and therefore did not participate in the decision.

CUMMINGS, Circuit Judge.

The facts are fully stated in the previous panel opinion. 523 F.2d 1057. The facts pertinent to the rehearing *en banc* are as follows: Plaintiff is a federal prisoner at Atlanta, Georgia. While awaiting trial on federal charges, he was committed to the County Jail in St. Clair County, Illinois, from March 9, to April 14, 1972. Upon his entering the jail, Sergeant Johnson, one of Sheriff O'Neal's [1] deputies, took a $2500 diamond ring from him and issued an inventory receipt therefor. However, when plaintiff was transferred to federal custody, the ring was not returned to him since it was missing from his personal property inventory envelope. On the transfer date, April 14, 1972, Johnson signed a note indicating failure to return the ring. The complaint states that twelve letters from plaintiff requesting Sheriff O'Neal's office to return the ring went unanswered. Kimbrough's complaint, fairly construed, goes on to allege that his "missing" ring had actually been intentionally confiscated by some member of the Sheriff's office. For different reasons, the panel in *Kimbrough* held that plaintiff's allegations were sufficient to state a cause of action under 42 U.S.C. § 1983, so that the district court had improperly granted defendants' motion to dismiss the complaint. The petition for rehearing *en banc* was granted so that the full Court could consider the various views on Section 1983 liability expressed by the panels here and in *Bonner v. Coughlin*, 517 F.2d 1311 (7th Cir. 1975).

■ In *Bonner*, over Judge Swygert's dissent, this Court recently held *en banc* that a prisoner may not recover damages under 42 U.S.C. § 1983 for loss of his property because of prison guards' negligence. 545 F.2d 565 (7th Cir. 1976). But in this case, we again hold that the intentional taking and retention of Kimbrough's property by a deputy sheriff is actionable under 42 U.S.C. § 1983. By the use of the term

1. The proper spelling of the surname of the Sheriff of St. Clair County is "O'Neal." However, when this action was filed, the plaintiff mistakenly spelled it as "O'Neil."

"deputy sheriff," we do not mean to imply that only an allegation that Johnson confiscated the ring would be actionable.[2] Under Section 1983, the identity of the confiscator would become relevant only if his access to the plaintiff's ring was not occasioned because of his employment by the State. In *Carroll v. Sielaff*, 514 F.2d 415 (7th Cir. 1975), we had previously held that the confiscation of prisoners' typewriter and currency was subject to redress under Section 1983. We continue to adhere to that holding which was the direct precedent in this Circuit for our initial decision in *Kimbrough.* See 523 F.2d at 1059, 1060 n. 2, 1067.

Kimbrough has alleged that a State officer intentionally took his ring under color of state law and failed to return it upon demand. He has charged that this deliberate taking was in violation of the Due Process Clause. Because defendant Johnson assertedly acted within the sphere of his official responsibility with the malicious intention of causing a deprivation of Kimbrough's constitutional rights, plaintiff has adequately stated a claim under 42 U.S.C. § 1983. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492; *Lynch v. Household Finance Corp.,* 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424; *Thomas v. Pate,* 516 F.2d 889, 891 n. 2 (7th Cir. 1975), certiorari denied, 423 U.S. 877, 96 S.Ct. 149, 46 L.Ed.2d 110.[3] As in *Monroe* and *Bonner,* it is immaterial that Kimbrough might have an adequate remedy in the Illinois courts.

As shown in *Monroe v. Pape, supra,* at 172–183, 81 S.Ct. 473, the legislative history of Section 1983 disclosed that Congress was intending to provide a deterrent for official misconduct. If Kimbrough can prove that Johnson or another employee of the Sheriff's office either intentionally or with reckless disregard[4] caused his property loss, the remedy afforded under Section 1983 may deter similar misconduct. Our conclusion that a taking with intent (or reckless disregard) of a claimant's property by a State agent violates the Due Process Clause of the Fourteenth Amendment and is actionable under Section 1983 is in harmony with the decisions in other Circuits.[5] Indeed defendants have cited no contrary authority. *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405, does not support them because there the police chiefs did not deprive Davis of any "property" within the prohibition of the Fourteenth Amendment.

■ Reversed and remanded.[6]

**SWYGERT, Circuit Judge** (concurring).

I concur in the reversal and remand in light of my dissent in *Bonner v. Coughlin,* 545 F.2d 565 (7th Cir. 1976). The "taking" by the sheriff or his deputies of Kimbrough's diamond ring was pursuant to the inherently governmental activity of holding the personal property of a prisoner while he is incarcerated. Whether the sheriff or one of his deputies failed to return the ring because he had converted it to his own use or had lost it through carelessness—for example, a third person's theft of the ring from an exposed depository—a section 1983 action should be permitted.

---

2. Of course, Kimbrough would have to amend his complaint if he wishes to prove that someone other than the presently named defendants confiscated his ring. Such an amendment would be·permissible. *Hansen v. May,* 502 F.2d 728, 730 (9th Cir. 1974).

3. See also *Gutierrez v. Department of Public Safety,* 479 F.2d 701, 719–720 (7th Cir. 1973), certiorari denied, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 102.

4. Under our *en banc* opinion in *Bonner,* culpability at the reckless disregard level is sufficient to maintain a Section 1983 action. While Kimbrough's complaint does not allege a reck-

less disregard of his constitutional rights, that may be shown by evidence at trial, in which case he could amend to conform to the proof.

5. *Russell v. Bodner,* 489 F.2d 280 (3d Cir. 1973); *Carter v. Estelle,* 519 F.2d 1136 (5th Cir. 1975); *Cruz v. Cardwell,* 486 F.2d 550 (8th Cir. 1973); and *Hansen v. May,* 502 F.2d 728 (9th Cir. 1974).

6. We reaffirm the panel's prior holding that plaintiff's allegations concerning the conditions of his confinement and why he was placed in solitary confinement also state a claim for relief under 42 U.S.C. § 1983. See 523 F.2d at 1059.

In simple terms, the original taking of the ring was action under color of state law. Its unexplained nonreturn constituted a deprivation of property without due process of law. The illogic of the intentional tort-negligence dichotomy erected by the majority in *Bonner* is graphically illustrated by the instant case. Judge Cummings writes for the court:

> If Kimbrough can prove that Johnson or another employee of the Sheriff's office either intentionally or with reckless disregard caused his property loss, the remedy afforded under Section 1983 may deter similar misconduct. Our conclusion that a taking with intent (or reckless disregard) of a claimant's property by a State agent violates the Due Process Clause of the Fourteenth Amendment and is actionable under Section 1983 is in harmony with the decisions in other Circuits. (footnotes omitted).

I am uncertain what "reckless disregard" means in this context. Is it something less than an intentional act, yet something more than negligence? The majority's failure to supply a standard for this amorphous term will continue to leave borderline cases in doubt.

Moreover, Kimbrough should not be put to the probably impossible task of proving that there was an intentional conversion or "confiscation" of his property. The defendants were responsible for the safekeeping of the ring. They should be responsible for its return or its value regardless of whether the loss was occasioned by an intentional conversion or negligence.