**Henry MINGO, Plaintiff,**

**v.**

**Wayne K. PATTERSON, Arnold L. Miller, and Sergeant Harold S. Burgess, Defendants.**

**Civ. A. No. 78–K–336.**

United States District Court, D. Colorado.

Sept. 12, 1978.

Henry Mingo, pro se.

Wesley H. Doan, Lakewood, Colo., Max P. Zall, Gerald Himelgrin, Denver, Colo., for defendants.

### ORDER

KANE, District Judge.

This is a Civil Rights action under 42 U.S.C. § 1983 by an inmate at the Colorado State Penitentiary in Canon City, Colorado. The defendants are Wayne K. Patterson, Warden at the Denver County Jail; Arnold L. Miller, Sheriff of the Arapahoe County Sheriff's Department; and Sergeant Harold S. Burgess, employee of the Arapahoe County Sheriff's Department.

Plaintiff claims that, against his wishes, he was transferred back and forth several times between the Arapahoe County Jail and the Denver County Jail; that the conditions of confinement at the Arapahoe County Jail were preferable to those at the Denver County Jail; that he was not allowed to take his personal property with him when he was initially transferred from the Arapahoe County Jail to the Denver County Jail; that while confined at the Denver County Jail he was denied medication that he had taken prior to his arrest and throughout his confinement at the Arapahoe County Jail; and that much of his property was lost by the Arapahoe County Jail.

Defendant Harold S. Burgess filed a motion to dismiss on April 17, 1978 on the grounds that referring to him as "Sergeant Burgess" in the caption of the complaint was improper; and that such a designation does not comply with the Federal Rules of Civil Procedure. Defendant Burgess submits that the court cannot obtain jurisdiction over a party if the defendant is not fully named. This motion is denied since plaintiff, on May 16, 1978, filed a verified petition setting forth the full name and whereabouts of defendant Burgess.

Defendant Arnold L. Miller filed a motion to dismiss on April 17, 1978 on the ground that no personal participation on the part of defendant Miller was alleged in the complaint and that the theory of *respondeat superior* is still inapplicable to actions under Section 1983.

This circuit has consistently recognized that "personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic,* 545 F.2d 1260, 1262–63 (10th Cir. 1976); *Battle v. Lawson,* 352 F.Supp. 156 (W.D.Okl.1972), *aff'd,* 564 F.2d 388 (10th Cir. 1977). This requirement was recently reaffirmed by the United States Supreme Court in *Monell v. Department of Social Services of the City of New York,* —— U.S. ——, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) which held "that a municipality cannot be held liable *solely* because it employs a tortfeasor . . . ." Id. at ——, 98 S.Ct. at 2036 (emphasis in original).

Accordingly, the motion to dismiss filed by defendant Arnold L. Miller is granted.

Similarly, no allegation has been made that Sheriff Wayne K. Patterson, in his capacity as Warden of the Denver County Jail, directed or was personally involved in the acts alleged to have been committed by employes of the Denver County Jail. Accordingly, the claims for relief against Wayne K. Patterson are dismissed for failure to state a claim upon which relief can be granted.

■ Plaintiff filed a motion for access to a law library on May 16, 1978. *See Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). In *Battle v. Anderson,* 376 F.Supp. 402, aff'd, 564 F.2d 388 (10th Cir. 1977), the court recognized that

> To be meaningful, the right of access to the courts must include the means to frame and present legal issues and relevant facts effectively for judicial consideration.
>
> Because the state has substantial control over the activities of convicted prisoners and because many prisoners are indigent and poorly educated, prison officials have an affirmative constitutional duty to provide them with the necessary means for obtaining access to courts.
>
> Prison law libraries are a basic means of assisting inmates to that end. . . .

376 F.Supp. at 426.

*See Gilmore v. Lynch,* 319 F.Supp. 105 (N.D.Cal.1970), aff'd, 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971). The district court, in *Battle,* concluded "that the requirement levied on the State of Oklahoma in this area of constitutional application extends to insuring adequate access to the courts regarding at least . . . civil rights actions under 42 U.S.C. § 1983 . . . . *Id.* at 427.

Accordingly, plaintiff's motion for access to a law library in order to prepare his § 1983 action is granted.

■ Plaintiff has also filed a motion requesting the appointment of counsel. The appointment of counsel, under 28 U.S.C. § 1915(d), is discretionary with the court. *See Kennedy v. Meacham,* 540 F.2d 1057 (10th Cir. 1976); *Harbolt v. Alldredge,* 464 F.2d 1243 (10th Cir. 1972), cert. den., 409 U.S. 1025, 93 S.Ct. 473, 34 L.Ed.2d 319. Although the presence of factual issues in a particular case may justify the appointment of counsel, I am not persuaded that such is the case here. This is especially true since it has been ordered that plaintiff is to be given access to the prison law library. There is no constitutional violation if effective access to the courts is assured through some available means. *See Evans v. Mose-* ley, 455 F.2d 1084 (10th Cir. 1972); *Johnson v. Anderson,* 370 F.Supp. 1373 (D.Del.1974).

Accordingly, plaintiff's motion requesting the appointment of counsel is denied.

Plaintiff has set forth nine separate claims for relief wherein he alleges that his constitutional rights were violated. They shall be addressed individually.

### I

■ Plaintiff claims that his constitutional right to be free from cruel and unusual punishment was violated by the Denver County Jail due to the unsanitary living conditions, the denial of personal items and reading material, and the denial of medication which he had been receiving up to the time of his confinement at the jail. Since plaintiff has failed to sue the proper defendant in this case, i. e., the particular employee who directly and personally participated in this conduct under color of state law, this claim is dismissed without prejudice. *See Monell v. Department of Social Services of the City of New York,* — U.S. ——, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

### II

■ Plaintiff claims that by transferring him back and forth between Arapahoe County Jail and Denver County Jail against his wishes, the law enforcement authorities denied him his first, fifth and fourteenth amendment rights to the United States Constitution. He further claims that his ability to communicate with his attorney in preparation and defense of his case was impeded.

The Supreme Court of the United States, in *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), settled the question of whether the transfer of a prisoner from more favorable conditions of confinement to more disagreeable surroundings *ipso facto* violates any constitutional rights. The court held that "we cannot agree that *any* change in the conditions of confinement having a substantial adverse impact on the prisoner involved is sufficient to invoke the protections of the Due Process Clause." *Id.*

at 224, 96 S.Ct. at 2538. A transfer was deemed to be permissible "so long as the conditions of the confinement do not otherwise violate the Constitution." *Id.*

Similarly, there are no claims that either of the jails involved closed their doors to plaintiff's attorney. Although these transfers may have caused some inconvenience, they did not amount to a denial of the right to counsel as that right is recognized by the United States Constitution.

Accordingly, the second claim for relief is dismissed for failure to state a claim upon which relief can be granted.

### III

■ Plaintiff claims that the process of transferring him back and forth between jails effectively denied him first amendment rights to freedom of association, speech and expression. People with whom plaintiff wished to visit apparently were discouraged and caused additional expense in traveling to either of the two detention facilities. Any confinement necessarily restricts one's freedom to associate, but otherwise legal pre-trial confinement does not violate the first amendment. There is no allegation that plaintiff was held incommunicado nor is there any allegation of a conspiratorial scheme to deprive plaintiff of human contact or communication. Even the Prisoner of Zenda had acceptable moments of solitude.

Accordingly, plaintiff's third claim for relief is dismissed for failure to state a claim upon which relief can be granted.

### IV

Plaintiff also claims that by denying him contact visiting with his psychologist at Denver County Jail his fourteenth amendment rights were violated. Plaintiff urges that this action was arbitrary and capricious. He alleges the absence of any compelling governmental interest and any relevance to the purposes of imprisonment. He further claims that this denial of contact visiting violated his psychologist's right to freely associate and express himself with people of his own choosing.

■ A complaint should not be dismissed for failure to state a claim unless it clearly appears that the complainant can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Kennedy v. Meacham,* 540 F.2d 1057 (10th Cir. 1976); *Gregory v. Wyse,* 512 F.2d 378 (10th Cir. 1975). Motions to dismiss *pro se* civil rights actions are rightfully held in disfavor. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

■ Federal court deference to administrative officials in the management of penal institutions has been recognized in the absence of deprivations which represent constitutional abuses. *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). *Marchesani v. McCune,* 531 F.2d 459 (10th Cir. 1976); *Bethea v. Crouse,* 417 F.2d 504 (10th Cir. 1969). This deference policy extends to the discipline, treatment, and care of those confined so long as the conduct of jail officials is not "of such character as to shock the general conscience or to be intolerable to fundamental fairness . . . ." 417 F.2d at 507. This standard has been embraced by the Tenth Circuit as "expressive of modern concepts of human treatment in our social order." *Bennett v. Passic,* 545 F.2d 1260, 1263 (10th Cir. 1976).

■ Jail authorities are responsible for the administration of jails and are in the best position to know how their facilities and staff can accommodate particular inmate needs. These decisions necessarily rest in the sound discretion of those authorities. I find that the denial of contact visits between plaintiff and his psychologist in this case neither shocks the general conscience nor violates established standards of fundamental fairness The concept of due process has not as yet been thus diluted.

■ If plaintiff's claim is one involving improper medical treatment then the merits of his allegations must be evaluated in light of the standard set out in *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). There the court held:

In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. *Id.* at 106, 97 S.Ct. at 292.

There is a total absence of any allegations which could support a claim that denying plaintiff contact visits with his psychologist was "sufficiently harmful to evidence deliberate indifference to serious medical needs." Nor is there even an allegation that such contact visits with a psychologist were medically prescribed.

 As to the claim on behalf of his psychologist, plaintiff does not have standing. Plaintiff's psychologist is the only individual who would have standing to assert such a claim.

Accordingly, plaintiff's fourth claim for relief is dismissed.

## V

 Plaintiff claims that defendants at the Arapahoe County Jail failed to return to plaintiff his personal property which Sergeant Burgess had ordered plaintiff to leave in their care. Plaintiff urges that this evidenced a total disregard for plaintiff's belongings and deprived him of personal property without due process of law and without just compensation.

The items allegedly "lost" include: commissary purchases such as cups, magazines, dictionary, coffee, court papers, and sundries; one pair of gray flair slacks; one blue and one red pair of double-knit slacks; one blue long sleeve shirt; one brown and yellow striped long sleeve shirt; one pair of black nylon knit briefs; one blue nylon knit undershirt; personal books; letters; notes; phone numbers and addresses. Plaintiff estimates the value of this personal property to be $253.25.

As this court recently held in *Tagge v. Erps,* Civil Action No. 78–K–405 (August 4, 1978):

it is now clear that redress of wrongful deprivations of property by persons acting under color of state law are justiciable under § 1983. *Lynch v. Household Finance Corp.,* 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972). Moreover, a well-established body of case law has developed since *Lynch* recognizing that [the] due process clause affords inmates protection against the unjustified misappropriation of personal property by prison officials. *Clayton v. Shaw,* 548 F.2d 1155 (5th Cir. 1977); *Lewis v. State of New York,* 547 F.2d 4 (2nd Cir. 1976); *Kimbrough v. O'Neill,* 545 F.2d 1059 (7th Cir. 1976); *Hansen v. May,* 502 F.2d 728 (9th Cir. 1974); *Russell v. Bodner,* 489 F.2d 280 (3rd Cir. 1973); *Cruz v. Cardwell,* 486 F.2d 550 (8th Cir. 1973); and *Weddle v. Director, Patuxent Institution,* 436 F.2d 342 (4th Cir. 1970), vacated and remanded for further consideration in light of *Lynch, supra,* 405 U.S. 1036, 92 S.Ct. 1318, 31 L.Ed.2d 577 (1972).

Accordingly, plaintiff has stated a claim cognizable under 42 U.S.C. § 1983.

## VI

 Plaintiff claims that his sister's due process rights were violated by the Arapahoe County Jail when the clothing which she brought him prior to his trial was lost. This sixth claim for relief is dismissed since plaintiff does not have standing to assert constitutional deprivations allegedly incurred by his sister.

## VII

 Plaintiff claims that failure to return his clothing to him at the time of his trial violated the rights of his attorney. Plaintiff does not have standing to assert such a claim. He further claims that his right to access to the courts was denied due to this alleged misappropriation. Although it is indeed unfortunate that plaintiff did not have these clothes to wear at trial, the constitutional rights to counsel and access to the courts does not contemplate the right to have "particular" clothing available to wear at trial. The loss of the clothing in

question is a viable due process claim which has already been recognized by this court under plaintiff's fifth claim for relief.

Accordingly, plaintiff's seventh claim for relief is dismissed for failure to state a claim upon which relief can be granted.

## VIII

 Plaintiff claims that by falsely accusing him of violating jail rules, i. e., the possession of contraband and fighting with another inmate, that his constitutional protection from cruel and unusual punishment has been violated by subjecting him to corrective custody for rule infractions which he did not commit. In recognition of the deference policy of federal courts to administrative officials in the management of penal institutions, which policy necessarily extends to the discipline of inmates, I do not find that this action is "of such character as to shock the general conscience or to be intolerable to fundamental fairness . . ." *Bethea v. Crouse,* 417 F.2d 504, 507 (10th Cir. 1969). If this court attempted to review every disciplinary action taken by officials due to alleged jail rule infractions, not only would the deference policy of the federal courts be totally undermined, but the federal courts would have time for nothing else. As long as due process has been satisfied, i. e., that he was given notice of the charges against him and was given the opportunity to be heard in front of the Conduct Adjustment Board, this court will not question the ultimate findings of these authorities.

Accordingly, plaintiff's eighth and ninth claims for relief are dismissed.

In summation,

1. The complaint and civil cause of action against defendant Wayne K. Patterson is dismissed for failure to state a claim upon which relief can be granted;

2. The complaint and civil cause of action against defendant Arnold L. Miller is dismissed for failure to state a claim upon which relief can be granted;

3. The motion to dismiss filed by defendant Harold S. Burgess, filed on April 17, 1978, is denied;

4. Plaintiff's motion for entry of default judgment as to defendant Wayne K. Patterson, filed on July 28, 1978, is moot;

5. Plaintiff's motion for access to a law library is granted;

6. Plaintiff's motion requesting the appointment of counsel is denied;

7. Claims one through four and claims six through nine of plaintiff's complaint are dismissed for failure to state claims upon which relief can be granted; and

8. The action shall proceed on Count V.

Defendant Harold S. Burgess shall answer or otherwise plead to Count V of the complaint filed herein on or before September 25, 1978.