**Warren TAYLOR et al., Plaintiffs,**

v.

**Raymond LEIDIG, M.D. et al., Defendants.**

**Civ. A. No. 77-C-484.**

United States District Court, D. Colorado.

Feb. 29, 1980.

Warren Taylor, pro se.

William Saars, pro se.

Joyce Sharp, pro se.

Richard Goldberg, Asst. Atty. Gen., John P. Mitzner, Yegge, Hall & Evans, Denver, Colo., for defendants.

## ORDER

CARRIGAN, District Judge.

THIS MATTER comes before the Court upon the defendants' (Raymond Leidig, et al.'s) motion to dismiss the plaintiffs' (Raymond Taylor, Joyce Sharp and William Saars') first, second and third individual claims for relief. The plaintiffs, pursuant to 42 U.S.C. Section 1983, have alleged that during their incarceration at the Colorado State Penitentiary, their federally protected rights were infringed by the defendants.

The second claim for relief in this case already has been dismissed in a June 6, 1978 order. Consequently, the only outstanding claims are those asserted by Taylor and Sharp in their first individual claim for relief, by Taylor in his third individual claim for relief and by Saars in his fifth individual claim for relief. The Court, therefore, will regard the defendants' motion as a motion to dismiss the first and third claims for relief.

## I.

In their first individual claim for relief, Taylor and Sharp allege that prison officials invaded their Fourth Amendment right to be free from unreasonable searches and seizures and their Fifth Amendment protection against seizure of property without due process. Specifically, they maintain that their Fourth and Fifth Amendment rights were infringed when prison officers searched their cells and, without allowing the plaintiffs to be present, confiscated certain personal belongings.[1]

The defendants contend that an alleged taking of a prisoner's personal property does not constitute deprivation, under 42 U.S.C. Section 1983, of a federally secured right.

However, "the Constitution protects a prisoner from arbitrary seizure of or interference with items of personal property by state officials acting under color of law." *Thornton v. Redman*, 435 F.Supp. 876, 880 (D.Del.1977).

The Supreme Court has concluded that a rule permitting cell searches without having inmates present does not "render the searches 'unreasonable' within the meaning of the Fourth Amendment." *Bell v. Wolfish*, 441 U.S. 520, 557, 99 S.Ct. 1861, 1883, 60 L.Ed.2d 447, 480 (1979). But the Supreme

---

1. The allegedly confiscated items listed in the plaintiffs' complaint include tapes, stationery, stamps, a ring and a wristwatch.

Court has not foreclosed the possibility that an abuse of "trust reposed in [prison officers] by failing to treat the personal possessions of inmates with appropriate respect" may amount to a constitutional violation. *See id.*, 441 U.S. at 557, n. 38, 99 S.Ct. at 1883–84, n. 38, 60 L.Ed.2d at 480, n. 38.

 Consequently, it remains to be determined whether the alleged confiscation of the plaintiffs' personal belongings amounted to an "unjustified misappropriation of personal property by prison officials." *Thornton v. Redman, supra*, 435 F.Supp. at 880, *citing, Kimbrough v. O'Neil*, 545 F.2d 1059 (7th Cir. 1976); *Carroll v. Sieloff*, 514 F.2d 415 (7th Cir. 1975); *Hansen v. May*, 502 F.2d 728 (9th Cir. 1974); *Russell v. Bodner*, 489 F.2d 280 (3d Cir. 1973); *Cruz v. Cardwell*, 486 F.2d 550 (8th Cir. 1973); *United States ex rel. Wolfish v. United States*, 428 F.Supp. 333 (1977), *aff'd in part, rev'd in part sub nom. Wolfish v. Levi*, 573 F.2d 118 (2 Cir. 1978), *rev'd sub nom. Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The defendants' motion to dismiss the plaintiffs' first claim for relief is, therefore, denied.

### II.

 Taylor, in his third individual claim for relief, alleges that the defendants delayed his incoming mail, and deprived him of that mail, and thus violated his Fourth Amendment right to be free from unreasonable searches and seizures and his Fifth Amendment right to due process. The defendants maintain that such an allegation ·does not state a claim for relief under 42 U.S.C. Section 1983. This Court cannot accept that broad generalization. A central right of prisoners "is the opportunity to communicate . . . with kin and friends. . . . The presumption is that these basic rights should be unfettered; restrictions on such valued rights must be justified by the requirements of the prison environment." *United States ex rel. Wolfish v. Levi*, 406 F.Supp. 1243, 1247 (S.D.N.Y. 1976).

Taylor's third claim for relief states a claim that at least is cognizable under 42 U.S.C. Section 1983 and thus should not be dismissed. The defendant's motion directed to this claim is therefore denied.