95 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nancy A. BLUM, Petitioner-Appellant,
v.
C.E. FLOYD, Warden, Respondent-Appellee.
 No. 96-15239.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 26, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nancy A. Blum, a federal prisoner, appeals pro se the district court's dismissal of her 28 U.S.C. § 2241 petition for lack of jurisdiction. We review de novo, Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), and affirm.
 
 
 3
 Blum contends that the district court erred by dismissing her claim for injunctive relief based on prison officials' alleged threats to transfer Blum to another prison. Blum further contends that these threats are in retaliation for her successful pursuit of her administrative remedies.
 
 
 4
 Habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of her confinement. Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). If a prisoner is challenging the conditions of her confinement rather than the fact of confinement, her remedy is under the civil rights laws. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (per curiam); Hansen v. May, 502 F.2d 728, 729-30 (9th Cir.1974). When a prisoner seeks civil rights relief by filing a habeas petition, she has merely mislabelled the action and the court should allow her to proceed or at least provide her with an opportunity to file an amended complaint. See Wilwording, 404 U.S. at 251; Hansen, 502 F.2d at 730.
 
 
 5
 Here, Blum's retaliation claims are challenges to the conditions of her confinement rather than the fact or duration of her confinement. See Wilwording, 404 U.S. at 251; Hansen, 502 F.2d at 730; see also Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir.1985) (determining that prison stated civil rights claim where he alleged that prison officials retaliated against him because he assisted other inmates with litigation). Accordingly, Blum's proper remedy lies in a civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).
 
 
 6
 Because Blum subsequently filed a Bivens action in the district court for these violations, we affirm the district court's dismissal of Blum's petition in this case. See Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir.1987) (court may dismiss action arising from same series of events and facts as another action filed by same party).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3