125 F.3d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward W. BLUM, Petitioner-Appellant,
v.
C.E. FLOYD, Warden, Respondent-Appellee.
 No. 96-15190.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-96-00058-EHC; Earl H. Carroll, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edward W. Blum, a federal prisoner, appeals pro se the district court's dismissal of his habeas corpus petition brought under 28 U.S.C. § 2241. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's decision to grant or dismiss a habeas corpus petition, see Camacho v. White, 918 F.2d 74, 77 (9th Cir.1990), and we affirm.
 
 
 3
 Blum filed a habeas corpus petition with the district court claiming that he received ineffective assistance of counsel and was subjected to double jeopardy and prosecutorial misconduct in his criminal trial. He also claimed that prison officials threatened to transfer him to another facility in retaliation for filing a grievance. We agree with the district court that it lacked jurisdiction under section 2241 with regard to Blum's claims that should have been brought before the sentencing court pursuant to 28 U.S.C. § 2255.
 
 
 4
 Blum's claim of retaliatory transfer by prison officials is properly brought under Bivens rather than section 2241. See Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir.1991). Generally, this would require the district court to construe the petition as a Bivens action, or allow leave to amend. Cf. Hansen v. May, 502 F.2d 728, 729-30 (9th Cir.1974) (involving claims brought under 28 U.S.C. § 2254 that should have been brought under 42 U.S.C. § 1983). Here, however, Blum raised his civil rights claim in a previous, pending action. Accordingly, the district court properly dismissed this claim. Cf. Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir.1987) (affirming denial of in forma pauperis status without leave to amend because plaintiff had filed a previous action involving the same parties and transactions).
 
 
 5
 Finally, Blum claims that his release date was improperly calculated and that prison officials improperly denied him contact with his wife. However, these claims were not raised before the district court and we decline to consider them for the first time here. See Smith v. United States Parole Comm'n, 875 F.2d 1361, 1369 (9th CIr.1988).[1]
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Blum's motion to supplement the record on appeal relates solely to claims he failed to raise before the district court, his motion is denied. See Fed.R.App.P. 10(a)