MOORISH SCIENCE TEMPLE OF AMERICA, INC., and Bro. R. Smallwood-El, Petitioners-Appellants,

v.

Harold J. SMITH, Respondent-Appellee.

Docket No. 81-2401.

United States Court of Appeals, Second Circuit.

Submitted Sept. 21, 1982.

Decided Nov. 26, 1982.

---

Before FRIENDLY, MESKILL and CARDAMONE, Circuit Judges.

---

MESKILL, Circuit Judge:

Petitioner Bro. R. Smallwood-El, *pro se,* appeals from the judgment of the United States District Court for the Western District of New York, Curtin, C.J., denying his motion for permission to proceed *in forma pauperis* and dismissing *sua sponte* his petition for a writ of habeas corpus for failure to exhaust state remedies as required by 28 U.S.C. § 2254(b) and (c). In his petition to the district court, Smallwood-El raised several claims challenging various state proceedings leading to his arrest.[1] Two of his claims set forth violations of his constitutional rights while incarcerated, alleging that prison officials had denied him a diet conforming to his Muslim beliefs and had placed him in 23-hour-per-day segregation without a hearing.

Smallwood-El, who is presently incarcerated at the Clinton Correctional Facility,[2]

---

1. In his petition to the district court, Smallwood-El claimed that: (1) he was arrested without probable cause; (2) the state court papers, including the indictment, failed to designate him by his religious name "Bro. R. Smallwood-El," thus depriving him of his right to free exercise of religion under the First Amendment and precluding him from participation in his trial; (3) the state court had no jurisdiction over his criminal case and he is entitled to bring his case in an Article III court in the first instance; (4) he was denied a trial by jury "of his own peers;" (5) he has been denied a diet conforming to his religious beliefs; and (6) he was placed in 23-hour-a-day segregation without a hearing.

2. When Smallwood-El brought this habeas corpus petition, he was incarcerated at Attica Correctional Facility but was subsequently transferred to the Clinton Correctional Facility. In the instant petition, he requests an order authorizing a transfer back to Attica, or alternatively for the issuance of an order substituting the successor custodian as a party. Fed.R.App.P. 23(a) prohibits the transfer of custody of a prisoner pending review of a decision in a habeas proceeding without an order of the court rendering the decision. The purpose of the rule is "to prevent prison officials from impeding a prisoner's attempt to obtain habeas corpus relief by physically removing the prisoner from the territorial jurisdiction of the court in which a habeas petition is pending." *Goodman v. Keohane,* 663 F.2d 1044, 1047 (11th Cir.1981); *see Jago v. United States District Court, Northern District of Ohio, Eastern Division at Cleveland,* 570 F.2d 618, 626 (6th Cir.1978). It does not appear in this case that the state's transfer of Smallwood-El violated Rule 23(a) since the transfer within this state does not defeat the jurisdiction of this Court. Moreover, because petitioner is not entitled to habeas relief from this court, there is no need to substitute the successor custodian as a party.

was convicted after a jury trial of burglary in the second degree, possession of stolen property and possession of burglary tools, and sentenced to five to ten years imprisonment. His appeal to the Appellate Division, Second Department, was pending at the time he filed his habeas petition in the district court. He has unsuccessfully pursued several avenues of postconviction relief in the New York state courts before filing this petition in the district court.

While we agree with Chief Judge Curtin that Smallwood-El failed to exhaust properly his state court remedies as to the claims challenging his conviction, we find that his diet and segregation claims allege constitutional violations sufficient to warrant consideration under 42 U.S.C. § 1983. Sua sponte dismissal of these claims by the district court was therefore improper. Accordingly, we reverse and remand to the district court to address the merits of these two claims.

*Discussion*

■ The district court properly determined that Smallwood-El failed to exhaust state remedies as to the habeas claims which challenge his conviction. The doctrine of exhaustion is based on notions of federal-state comity. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Pursuant to 28 U.S.C. § 2254(b) and (c) petitioner is required to have "fairly presented" to the state court the federal claims which are the basis for his petition for habeas corpus, so as to give the state the initial "opportunity to decide the same ultimate question for disposition." *Johnson v. Metz,* 609 F.2d 1052, 1054 (2d Cir.1979). *See Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Klein v. Harris,* 667 F.2d 274, 282–84 (2d Cir.1981). In order to meet this requirement of "fair presentation," petitioner must at least complete direct state appellate review of those claims arising from his conviction. *See Klein v. Harris,* 667 F.2d at 282–84. Because petitioner's appeal from his conviction before the Appellate Division was still pending at the time this petition was filed, it is apparent that he has failed to satisfy the exhaustion requirement as to these claims.

■ However, petitioner's Muslim diet and segregation claims, although asserted in the context of a habeas petition, challenge conditions of confinement rather than the fact or duration of the physical confinement itself and petitioner seeks injunctive relief and damages rather than "immediate release or a speedier release from that confinement—the heart of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 498, 93 S.Ct. 1827, 1840, 36 L.Ed.2d 439 (1973). Thus, these claims are more properly cognizable under 42 U.S.C. § 1983 rather than by way of habeas corpus. However, given the liberal pleading standards permitted in *pro se* complaints, the district court should consider the appellant's § 1983 claim even though it was not appropriately raised in the habeas petition. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Dioguardi v. Durning,* 139 F.2d 774 (2d Cir.1944).

■ Unlike habeas claims, claims asserted pursuant to § 1983 are not subject to the exhaustion requirement. *Preiser,* 411 U.S. at 475, 93 S.Ct. at 1827; *Williams v. Ward,* 556 F.2d 1143, 1150 (2d Cir.), *cert. denied,* 434 U.S. 944, 98 S.Ct. 469, 54 L.Ed.2d 323 (1977). *See Patsy v. Board of Regents,* —— U.S. ——, ——, 102 S.Ct. 2557, 2568, 73 L.Ed.2d 172 (1982). If a pleading contains claims under both § 1983 and the habeas corpus statute, the district court should dismiss the unexhausted habeas claims but address the merits of the civil rights claims. *See Williams,* 556 F.2d at 1151. The district court failed to do that here.

To state a cause of action under § 1983, a plaintiff must allege facts sufficient to show that (1) some person deprived him of a federal right, and (2) such person acted under color of state law. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). Holding a *pro se* plaintiff to less stringent standards than a plain-

tiff represented by counsel, *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Frankos v. LaVallee,* 535 F.2d 1346, 1347 (2d Cir.1976), and considering all of the allegations as truthful, *Cooper v. Pate,* 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1080 (1964), the complaint must be frivolous on its face or wholly insubstantial to warrant *sua sponte* dismissal. *Cunningham v. Ward,* 546 F.2d 481, 482 (2d Cir.1976). *See* 28 U.S.C. § 1915(d). *Sua sponte* dismissal of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court. *See Fries v. Barnes,* 618 F.2d 988, 989 (2d Cir.1980); *Ron v. Wilkinson,* 565 F.2d 1254, 1258 (2d Cir.1977); *Lewis v. New York,* 547 F.2d 4, 5 (2d Cir.1976).

Applying the above standards, it is clear that Smallwood-El's petition, when liberally construed, contains two non-frivolous claims against state officials for injunctive relief. First, he alleges that prison officials have refused to provide him with a diet conforming to his Muslim beliefs in violation of his constitutional rights of freedom of religion and equal protection. Although " 'lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights,' " *Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974) (quoting *Price v. Johnston,* 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948)), a prisoner retains those First Amendment guarantees, including the right to participate in practices which are an integral part of his religious faith, "that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell,* 417 U.S. at 822, 94 S.Ct. at 2804. *See also Wolff v. McDonnell,* 418 U.S. 539, 555–56, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974); *Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) (per curiam).

■ This Court has upheld restrictions on prisoners' religious practices only when such restrictions serve an important governmental objective and "the restraint on religious liberty is reasonably adapted to achieving that objective." *LaReau v. MacDougall,*

473 F.2d 974, 979 (2d Cir.1972), *cert. denied,* 414 U.S. 878, 94 S.Ct. 49, 38 L.Ed.2d 123 (1973). *See Mawhinney v. Henderson,* 542 F.2d 1, 3 (2d Cir.1976); *Burgin v. Henderson,* 536 F.2d 501, 503 (2d Cir.1976). Further, this Court has "properly recognized that prison authorities must accommodate the right of prisoners to receive diets consistent with their religious scruples," *Kahane v. Carlson,* 527 F.2d 492, 495 (2d Cir. 1975) (citations omitted), and has held that the denial of kosher food to a Jewish inmate is not justified by an important or substantial governmental objective. *Id.* Petitioner alleges that although inmates of the Jewish faith were provided with alternative diets consistent with their religious beliefs, state officials refused to provide him with either a Muslim diet or a suitable alternative, thereby forcing him "to sustain himself off bread and non-nutritional items." Thus, he has set forth factual allegations sufficient to raise both equal protection and First Amendment claims and thus to withstand *sua sponte* dismissal.

■ The second non-frivolous constitutional argument made by Smallwood-El is that he has been confined to 23-hour segregation for over five months without benefit of a disciplinary hearing in violation of his Fourteenth Amendment right to due process. "Segregation of a prisoner without a prior hearing may violate due process if the postponement of procedural protections is not justified by apprehended emergency conditions." *Hughes v. Rowe,* 449 U.S. 5, 11, 101 S.Ct. 173, 177, 66 L.Ed.2d 163 (1980) (per curiam). Although "the due process clause of the Constitution does not, of itself, make a state prisoner's freedom from transfer to administrative segregation a protected liberty interest," *Bills v. Henderson,* 631 F.2d 1287, 1291 (6th Cir.1980), a state statute or regulation may create a protected liberty interest and trigger procedural due process protections. *See Wolff,* 418 U.S. at 557, 94 S.Ct. at 2975. The district court failed to determine if the relevant New York State regulations regarding segregation apply to petitioner, *see* 7 N.Y.C.R.R. §§ 300–04 and § 253, and if the regulations do apply, if petitioner's allegations state

violations of due process. Thus, *sua sponte* dismissal was improper. *See Bradley v. Coughlin,* 671 F.2d 686 (2d Cir.1982).

The decision of the district court is affirmed as to petitioner's habeas claims but reversed to the extent that it dismissed petitioner's last two claims, alleging violations of his civil rights, and the case is remanded to the district court for additional proceedings as to those claims.