**Wilfredo PINO, Jr., Plaintiff,**

v.

**Stephen DALSHEIM and Capt. S. Egger, Defendants.**

**No. 81 Civ. 6915 (WCC).**

United States District Court, S.D. New York.

March 8, 1983.

**674**

Fish & Neave, New York City, Attys. for plaintiff; Patricia A. Martone, Norman H. Beamer, Jonathan D. Zischkau, New York City, of counsel.

Robert Abrams, Atty. Gen., of State of N.Y., New York City, for defendants; Grace A. Brannigan, Asst. Atty. Gen., New York City, of counsel.

## OPINION AND ORDER

CONNER, District Judge:

Plaintiff Wilfred Pino, Jr. ("Pino") commenced this action, *pro se*, under 42 U.S.C. § 1983, alleging that his due process rights were violated by certain disciplinary actions taken against him while he was imprisoned at the Downstate Correctional Facility. Shortly after Pino filed his complaint, he was transferred to the Clinton Correctional Facility in Dannemora, New York, where he is presently incarcerated. Following plaintiff's request that he be appointed counsel to represent him in this matter, the Court, through the Committee on Pro Se Litigation for the Southern District of New York, selected the firm of Fish & Neave. The case is currently before the Court on plaintiff's motion for an order directing the New York State Department of Corrections (the "State") to take specified actions to ensure that Pino has meaningful access to

this Court and his counsel. For the reasons stated below, that motion is denied.

Dannemora, New York is located approximately 330 miles from New York City, the situs both of this Courthouse and of plaintiff's counsel. Under the applicable guidelines, plaintiff, like all other inmates at Clinton, is allowed to send and receive through the mail an unlimited amount of uncensored correspondence with his attorney. Moreover, plaintiff is permitted to visit privately with his attorneys at the prison as often as he wishes. An inmate is, however, permitted to place only two, eight-minute phone calls each month, including calls to family members, against which any calls to his attorneys are counted. An inmate is not permitted, absent exigent circumstances, to receive any phone calls.

Plaintiff contends that, under the circumstances of this case, the absence of a satisfactory opportunity for telephone communication with his attorneys deprives him of meaningful access to his counsel. Plaintiff's counsel assert that mail correspondence is insufficient to enable them to prepare properly for a trial in this matter, and that travel to and from Clinton is prohibitively expensive and time consuming, especially in light of the fact that plaintiff is proceeding in this matter *in forma pauperis* and Fish & Neave is handling the case on a pro bono basis. They request, therefore, that the Court order that plaintiff be permitted to receive up to one thirty-minute phone call per week from his attorneys, and that plaintiff be transferred to the Federal Manhattan Correctional Facility at least sixty days prior to the trial of this action. Defendants do not object to the pretrial transfer, but resist allowing Pino the extra telephone privileges not available to other inmates.

■ The Supreme Court has consistently recognized that as a corollary to the Fourteenth Amendment's guarantee of due process of law, prisoners must be afforded reasonable access to the courts in order to challenge unlawful convictions and to seek

redress for violations of their constitutional rights. See *Procunier v. Martinez,* 416 U.S. 396, 419, 94 S.Ct. 1800, 1814, 40 L.Ed.2d 224 (1974). Each state shoulders an affirmative burden of ensuring that its prisoners have such access. *Bounds v. Smith,* 430 U.S. 817, 824, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977), which includes providing the inmates with a reasonable opportunity to seek and receive the assistance of attorneys. *Martinez, supra,* 416 U.S. at 419, 94 S.Ct. at 1814. "Regulations and practices that unjustifiably obstruct the availability of professional representation or the right of access to the courts are invalid." *Id.*

At the same time, federal courts do not sit as supervising directors of the minutiae of state prison procedures. Federal courts have traditionally adopted a "hands off" policy toward problems of prison administration, which stems both from limitations on the scope of judicial review and the efficacy of judicial intervention. See *id.* at 404, 94 S.Ct. at 1807. Prison administrators are responsible for establishing rules and regulations to meet, as well as is practicable, the "complex and intractable" problems of prison existence. *Id.* at 405, 94 S.Ct. at 1807. Precisely because the problems are so insoluble, courts defer to the expertise of the prison administrators and accord them broad discretion in the procedures they formulate. Only when a prison regulation or practice offends a constitutional guarantee will a federal court step in and uphold that fundamental right. *Id.* at 405–06, 94 S.Ct. at 1807–08.

While I am cognizant that available methods of communication between Pino and his attorneys are less than ideal, the procedures afforded by the State do not deprive plaintiff of meaningful access to either his attorneys or the Court. Although it is obvious that Pino and his attorneys would prefer to communicate by telephone, given the expense of travelling to Clinton, the State is not obligated to provide the *best* manner of access, nor is it obligated to equalize the financial resources of each of its inmates. The State is forced to establish rules to meet the overall needs of its inmate community. If a federal court were to intrude each time an individual inmate requested to be accorded special treatment, it would present an undue disruption on the State's administration of its prison system. So long as the State's procedure's meet constitutional minima, the courts should not second-guess them.

Several courts have noted that travel inconvenience of an attorney which normally results when a prisoner is transferred to a more distant or remote facility does not reach the level of a constitutional violation. See *Reed v. Evans,* 455 F.Supp. 1139, 1143 (S.D.Ga.1978), *aff'd,* 592 F.2d 1189 (5th Cir. 1979); *Mingo v. Patterson,* 455 F.Supp. 1358, 1362 (D.Colo.1978). Absent some claim that the State has transferred Pino to Clinton in retaliation for his filing of this complaint, the procedures providing for unlimited personal and mail communication with an attorney are constitutionally sufficient. I note, however, that should plaintiff prevail on his claims at trial, I will consider an application to have the costs of counsel's travel to and from Clinton included in an award of attorney's fees under 42 U.S.C. § 1988.

Plaintiff's further request for an order requiring the State to transfer Pino to the Federal Manhattan Correctional Facility at least sixty days prior to trial is, at this juncture, premature. Defendants have consented to plaintiff's request for such a transfer and, consequently, there is no dispute between the parties. If, for some reason, plaintiff is not appropriately transferred, I will entertain a motion for such an order at a later date.

SO ORDERED.