Brooks McBRIDE, Plaintiff,

v.

David HALLENBECK and Chester Clark, Defendants.

No. 83 CV 1204.

United States District Court, E.D. New York.

July 2, 1984.

Brooks McBride, pro se.

Robert Abrams, Atty. Gen. of N.Y., New York City (Barbara B. Butler, Asst. Atty. Gen., New York City, of counsel), for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Plaintiff brings this prisoner civil rights action under 42 U.S.C. § 1983, alleging that defendants violated his Constitutional rights by transferring him from a medium to a maximum security facility. Plaintiff seeks "injunctive relief injoining [sic] the defendants from continuing plaintiff in such punitive status," as well as $20,000 in damages. Both defendants have moved to dismiss the complaint for failure to state a claim. Fed.R.Civ.P. 12(b)(6).

Although the motions of each defendant were filed separately, they are grounded

upon the identical legal theory, and therefore have been consolidated in the interests of expediency and judicial economy. For the reasons set forth below, the motions are granted and plaintiff's complaint is dismissed.

### Facts

Plaintiff was an inmate at Woodbourne Correctional Facility, a medium security prison.[1] On January 27, 1983, plaintiff registered a complaint with defendant David Hallenbeck, a prison counselor, "concerning the correspondence at Woodbourne facility and the lack of security in a particular area where plaintiff had been harassed and several inmates had been attacked and raped." Defendant Hallenbeck advised plaintiff to request protective custody and a transfer. Plaintiff complied and on February 15, 1983, he was transferred to Attica prison, a maximum security facility, by authorization of defendant Chester Clark, the classification and movement counselor at Woodbourne.

Plaintiff contends that his transfer from a medium to maximum security facility was a punitive measure taken by defendants in retaliation for his complaint. He asserts that such an action constituted a deprivation of his "Constitutional right to petition," presumably for redress of grievances.

### Discussion

█ In any § 1983 action, plaintiff must show that a person acting under color of state law has deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). Plaintiff has failed to satisfy this threshold requirement. He bases his § 1983 claim on the ground that his transfer was punitive in nature and therefore violated his Constitutional rights.

█ Prison officials may transfer prisoners for any reason or for no reason at all. *Kivela v. United States Attorney General*, 523 F.Supp. 1321, 1325–26 (S.D.N.Y.1981), *aff'd* 688 F.2d 815 (2d Cir.1982). This is true whether or not the transfer has been carried out for disciplinary or punitive purposes. *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976).

█ A criminal defendant who has been validly convicted "has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). Mere transfer to an institution with more disagreeable conditions is not a sufficient basis for a constitutional claim. "Confinement in *any* of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." *Id.*, at 225, 96 S.Ct. at 2538 (emphasis added).

An exception exists, however, when state law provides that prison transfers will be carried out only under specified circumstances. *Montanye v. Haymes, supra*, 427 U.S. at 242, 96 S.Ct. at 2547. A state statute or regulation may create a protected liberty interest, *Moorish Science Temple of America v. Smith*, 693 F.2d 987, 990 (2d Cir.1982), and thereby provide the Constitutional right whose deprivation is essential to a § 1983 claim.

█ No such statute limits the ground for prison transfers in New York. New York Correction Law § 23(1) (McKinney Supp.1975–76) simply provides that "[t]he commissioner of corrections shall have the power to transfer inmates from one correctional facility to another." The Supreme Court in *Montanye v. Haymes, supra*, specifically stated that the New York statute governing prison transfers "imposes no

---

**1.** The civil rights complaints of *pro se* prisoners against prison authorities must be liberally construed. *Williams v. Vincent*, 508 F.2d 541 (2d Cir.1974). For this motion, as for all motions pursuant to Rule 12(b)(6), the Court accepts as true all the allegations of the complaint.

conditions on the discretionary power to transfer, and we are advised by the State that no such requirements have been promulgated." *Id.* 427 U.S. at 243, 96 S.Ct. at 2547.

Because no exception to the unfettered discretion of prison officials to transfer inmates exists under New York law, no Constitutional right of plaintiff has been violated. Accordingly, defendants' motions to dismiss are granted and the complaint is dismissed.

SO ORDERED.