Otis **BARLOW**

v.

**PEP BOYS, INC.**

Civ. A. No. 85–3421.

United States District Court, E.D. Pennsylvania.

Oct. 4, 1985.

Otis Barlow, pro se.

Howard R. Flaxman, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before the court are defendant, Pep Boys, Inc.'s, motions to dismiss plaintiff, Otis Barlow's, *pro se* complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Alternatively, the Pep Boys, Inc. moves to require a more definite statement pursuant to Fed.R.Civ.P. 12(e). I conclude that the complaint states a claim for relief and that the defects in the complaint can be cured. Accordingly, the Pep Boys, Inc.'s motions to dismiss will be denied and the motion for a more definite statement granted.

The complaint is a document in which Barlow, a black man formerly employed by the defendant, claims that he was discriminated against in his job because of his race. Barlow also claims that he was discharged from his employment for using ten days of sick leave even though the Pep Boys, Inc. permitted white people to use over ten days of sick leave per year without being discharged. Further, Barlow asserts that although the Pep Boys, Inc. had a "policy" of "counseling 'troublesome' employees," he was never told that using sick leave qualified him for counseling, nor did he receive such counseling.

*Sufficiency of the Allegations in the Complaint*

The defendant contends that the allegations in the complaint do not enable it to determine which law it is accused of violating, and argues the complaint should be dismissed for failure to state a claim upon which relief can be granted.

Rule 8(a) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Generally, this rule is liberally construed, *see* Fed.R.Civ.P. 8(f); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); a liberal construction is particularly important where the pleader is acting *pro se. Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The plaintiff need only state a set of facts giving rise to a claim, and not the legal theory behind the claim, so long as the defendant has enough information to frame an answer and to commence discovery. *See Moorish Science Temple of America, Inc. v. Smith,* 693 F.2d 987, 989 (2d Cir.1982) (*pro se* habeas corpus petition was construed as a Section 1983 claim); *Diogaurdi v. Durning,* 139 F.2d 774 (2d Cir.1944). The Third Circuit requires specific factual allegations in support of the claim for relief when a civil rights violation is alleged, even when the pleader is acting *pro se. See e.g., Kauffman v. Moss,* 420 F.2d 1270, 1275–76 (3d Cir.1970), *cert. denied,* 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970).

I find that Barlow's *pro se* complaint satisfies the stricter requirements for alleging a civil rights violation. Barlow arguably asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (1983), or under Section 1981, 42 U.S.C. § 1981 (1983). For a Title VII claim, the factual allegations must show that plaintiff is a member of a class entitled to protection under the Act and that he was treated differently in his employment from persons otherwise similarly situated who are not members of the class. *See* Civil Rights Act of 1964, Title VII, § 703(a), 42 U.S.C. § 2000e–2(a); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Barlow's complaint satisfies these

requirements. He alleges that he was discriminated against in being discharged for using more than ten sick days and in not receiving counseling prior to his discharge pursuant to the defendant's counseling policy. Barlow claims that he was employed by the Pep Boys, Inc. for fifteen years and that his performance was "diligent". He also asserts that the discrimination and the discharge occurred because he is black. Race is a protected classification under § 703(a) of the Act. 42 U.S.C. § 2000e–2(a).

Further, the Equal Employment Opportunity Commission's (EEOC) "determination" letter, which is attached to the complaint along with a "right to sue" letter, indicates that the EEOC considered Barlow's claims under Title VII to be as follows: (1) discrimination in the terms, conditions and privileges of employment; (2) discharge because of race; and (3) failure to counsel blacks as a class prior to termination.[1] *See* 42 U.S.C. § 2000e–2(a). Thus, the defendant also has notice from the plaintiff of the claims and the basis for the claims in the form of these letters.

■■■ Barlow is claiming discrimination based upon his race. Section 1981 prohibits intentional racial discrimination in making and enforcing contracts and in securing "equal benefits of all laws and proceedings." 42 U.S.C. § 1981. Proof of discriminatory intent is crucial in order to present a *prima facie* case under Section 1981. *Croker v. Boeing Co.*, 662 F.2d 975, 989 (3d Cir.1981). Thus, if Barlow seeks to claim and prove recovery under Section 1981 in addition to Title VII, he will have to amend the complaint in order to satisfy this prerequisite of alleging discriminatory intent.

■■ In summary, I find that the complaint, in conjunction with the EEOC "determination letter", alleges the acts, practices and policies which have the effect of favoring white employees over black employees in matters concerning discipline and discharge. As such, it puts the Pep Boys, Inc. on notice of the practices which are being challenged as discriminatory and enables the defendant to focus on those practices in order to respond to the charges. Therefore, the defendant's motion to dismiss for failure to state a claim is denied.

*Motion to Dismiss for Lack of Subject Matter Jurisdiction*

■■■ The defendant contends that the complaint fails to state the basis for this court's jurisdiction as required by Fed.R. Civ.P. 8(a)(1). I find that, indeed, that there is no averment in the complaint regarding this requirement. However, the failure to state the grounds upon which jurisdiction depends does not automatically result in dismissal of the complaint; leave to amend the complaint should be freely given in order to cure this defect. 5 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1214 at 106 (1969). As noted above, Barlow's complaint arguably states a claim for relief under either Title VII of the Civil rights Act of 1964, 42 U.S.C. § 2000e *et seq.,*[2] or 42 U.S.C. § 1981. In either case, jurisdiction is proper under 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1334 (civil rights jurisdiction). The plaintiff may amend the complaint in order to state the basis for this court's jurisdiction.

1. Pursuant to Section 706(f)(1)(3), the Civil Rights Act of 1964, the EEOC sent Barlow the "right to sue" and "determination" letters. These documents indicate that the EEOC found no basis in plaintiff's claims.

2. Title VII of the Civil Rights Act of 1964 provides that a district court has jurisdiction over a claim if several prerequisites are met: (1) a claim must be filed with the EEOC within one hundred and eighty days after the alleged unlawful employment practice; and, (2) the claim must be filed in district court within ninety (90) days of receipt of the EEOC's "right to sue" letter. 42 U.S.C. § 2000e–5(e), (f)(1), (f)(3). The EEOC's "right to sue" and "determination" letters dated April 4, 1985, are attached to the complaint and indicate that Barlow timely filed a claim with the EEOC and received the "right to sue" letter. Further, Barlow timely filed his complaint with the district court on June 20, 1985, well within the required ninety days.

*Motion for a More Definite Statement*

 The Pep Boys, Inc. asserts that it is unable to draft a responsive pleading because Barlow's complaint fails to allege sufficient facts to determine which law it is violating. Thus, the defendant moves this court to order Barlow to file a more definite statement pursuant to Rule 12(e).

Rule 12(e) provides that such a motion may be granted if the complaint is "so vague and ambiguous that [the defendant] cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). As noted above, I find that the complaint adequately states a set of specific facts indicating that a Title VII claim is alleged, and discovery is available to better inform the defendant of the contentions. However, the defendant's motion will be granted in that the plaintiff must allege its 1981 claim with greater particularity, if it is seeking such a claim, and should amend his complaint to specify its jurisdictional basis as discussed above.

*Other Matters*

Rule 8(a) requires that a complaint contain "a demand for judgment for the relief to which [the pleader] deems himself entitled." Fed.R.Civ.P. 8(a). Barlow fails to make any such demand. Under Title VII, a plaintiff is entitled to equitable remedies (injunction or declaratory judgment), while Section 1981 authorizes legal remedies (compensatory and, in some cases, punitive damages). *See generally, Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (the Supreme Court emphasized that an individual may make claims for both equitable remedies under Title VII and legal remedies under Section 1981). I find that the complaint does not, beyond a doubt, fail to state a claim for relief; however, the court suggests that the plaintiff should consider amending the complaint in order to specifically state a demand for the relief he seeks.

Further, I note that if Barlow amends his complaint to state a claim pursuant to Section 1981, and demands legal remedies, the right to a jury trial attaches. In order to obtain a jury trial, a timely request must be made in the amended complaint.

Barlow is also advised that pursuant to Rule 5, every motion, paper and subsequent pleading must be served upon the defendant and filed with the court either before service or within a reasonable time thereafter. Fed.R.Civ.P. 5. A "certificate of service" and a "notice" of service must be filed with the court.

Finally, any allegations regarding the union's treatment of Barlow's claims are irrelevant to the claim against the Pep Boys, Inc. If the plaintiff brings a claim against the union, the union must be joined as a defendant and served with the complaint.