Abdul Aziz ALIYM, Plaintiff,

v.

Ronald MILES, Supt., Howard
Novak, Defendants.

No. CIV–86–771C.

United States District Court,
W.D. New York.

Feb. 19, 1988.

———

Abdul Aziz Aliym, pro se.

Robert Abrams, Atty. Gen. of the State
of N.Y., Albany, N.Y. (William J. Goldman,
of counsel), Rochester, N.Y., for defend-
ants.

CURTIN, Chief Judge.

Plaintiff brings this action pro se pursu-
ant to 42 U.S.C. § 1983 alleging that, while
he was confined in the Special Housing
Unit [SHU] of the Elmira Correctional Fa-
cility, defendants deprived him of his right
to the free exercise of his religion in viola-
tion of the First Amendment of the Consti-
tution, as made applicable to the States by
the Fourteenth Amendment. Both plaintiff
and defendant have filed motions for sum-
mary judgment.

Plaintiff is a practicing Muslim. He was
confined to SHU for 365 days, commencing
October 26, 1985, as a result of a discipli-
nary hearing. On January 13, 1986, plain-
tiff made a written request to defendant
Novak (who was then the Deputy Superin-
tendent for Security at Elmira) for permis-
sion to attend congregate Jumu'ah worship
services on Fridays. He received no reply.
On July 14, 1986, plaintiff sent a second
request to defendant Novak, and was noti-
fied on July 18, 1986, by Administrative
Lieutenant Kline that his request had been
denied since, as an SHU inmate, plaintiff
was considered a threat to the security of
the facility. Plaintiff has submitted a copy
of his appeal, dated July 23, 1986, and
addressed to defendant Miles (Superintend-
ent of Elmira), but defendant Miles denies
ever having received plaintiff's appeal.

It is well recognized that "convicted pris-
oners do not forfeit all constitutional pro-
tections by reason of their conviction and
confinement in prison," *Bell v. Wolfish,*
441 U.S. 520, 545, 99 S.Ct. 1861, 1877, 60
L.Ed.2d 447 (1979) *quoted in Ross v.
Coughlin,* 669 F.Supp. 1235, 1238 (S.D.N.
Y.1987), and that a prisoner has the right
to participate in practices which are an
integral part of his religious belief. *Moor-
ish Science Temple of America v. Smith,*
693 F.2d 987, 990 (2d Cir.1982). Such
rights and protections, however, must be
exercised in a manner that is "Not incon-
sistent with his status as a prisoner or with
the legitimate penological objectives of the
correctional system." *Pell v. Procunier,*

417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974). In evaluating inmate claims of constitutional deprivations, the court should thus balance the prisoner's asserted rights against the State's need for legitimate correctional goals. In *Turner v. Safley*, — U.S. — , 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), and *O'Lone v. Shabazz*, — U.S. — , 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987), the Supreme Court recently set out a new standard by which this balance may be struck, and identified three factors to be considered in determining whether the challenged prison regulation, or that regulation's implementation, is valid.

First, the regulation must be reasonably related to the legitimate governmental interest put forward to justify it. Second, the court should ascertain whether alternative means of exercising the right remain available to the inmates. Third, the court should consider the impact on guards and other inmates, and on the allocation of prison resources generally, that accommodation of the asserted constitutional right will have. *Turner*, — U.S. at — , 107 S.Ct. at 2262. Applying this standard to this facts and circumstances in the instant case, it becomes evident that the restriction on plaintiff's attendance at congregate religious services was reasonable. That restriction was imposed by prison officials pursuant to a State of New York Department of Correctional Services Directive (# 4202, issued November 26, 1982), which denies inmates confined to SHU the right to request permission to attend regularly scheduled congregate religious services. SHU confinement is authorized by 7 NYCRR § 251.6, which provides that the superintendent may order such confinement when it is determined that there are reasonable grounds to believe that an inmate's behavior presents "an immediate threat to the safety, security or order of the facility or an immediate danger to other persons or to property...." N.Y.Admin. Code Title 7, § 251.6. Plaintiff was appropriately afforded a hearing to contest his SHU confinement, at which it was determined that his conduct warranted such action. The governmental interest put forward by prison officials to justify the re-

striction on plaintiff's attendance of congregate worship services was that SHU inmates are considered to be a threat to other inmates, staff, and the security of the facility. In light of these circumstances, the court finds that the directive concerning inmates' attendance at religious services, the regulation authorizing SHU confinement, and the action of prison officials in denying plaintiff's request are all reasonably related to the stated government interest in maintaining prison security.

With regard to the second *Turner* factor, there are, of course, no alternative means of attending Jumu'ah available to plaintiff. As indicated in *O'Lone*, however,

> the very stringent requirements as to the time at which Jumu'ah may be held may make it extraordinarily difficult for prison officials to assure that every Muslim prisoner is able to attend that service. While we in no way minimize the central importance of Jumu'ah to respondents, we are unwilling to hold that prison officials are required by the Constitution to sacrifice legitimate penological objectives to that end.

*O'Lone*, — U.S. at — , 107 S.Ct. at 2406.

Finally, in considering what impact the accommodation of plaintiff's right to attend Jumu'ah would have on guards, other inmates, allocation of staff, and the security of the facility, prison officials expressly determined that allowing plaintiff to attend congregate services would pose a threat to prison security, and "in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Pell*, 417 U.S. at 827, 94 S.Ct. at 2806. On balance, then, the plaintiff's first amendment right to attend Jumu'ah cannot be said to clearly outweigh the government's interest in maintaining prison security, and the denial of plaintiff's request was thus reasonably related to legitimate penological objectives.

Accordingly, since the court finds that the prison's refusal to allow plaintiff to attend Jumu'ah does not offend the Free Exercise Clause of the first amendment,

there remains no basis for relief under 42 U.S.C. § 1983, and no genuine issue of material fact to be decided. Summary judgment must therefore be entered against plaintiff. Plaintiff's motion for summary judgment is denied. Defendant's cross motion for summary judgment is granted.

So ordered.