**Reuben AVENT, Plaintiff–Appellant,**

v.

**NEW YORK State, Defendant–Appellee.**

**No. 03–0024–pr.**

United States Court of Appeals, Second Circuit.

Dec. 2, 2005.

On Submission, for Appellant.

On Submission, for Appellee.

Present: WALKER, Chief Judge,
WINTER, and JACOBS, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **VACATED** and the case is **REMANDED** with instructions that the plaintiff be granted leave to amend his complaint.

Plaintiff-appellant Reuben Avent, an inmate at the Attica Correctional Facility ("Attica") who is proceeding *pro se*, appeals from a December 23, 2002, judgment of the United States District Court for the Western District of New York (H. Kenneth Schroeder, *Magistrate Judge*) dismissing his complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In an April 18, 2005, order, this court granted Avent's motion to proceed *in forma pauperis* as to his claims that: "(1) his Sixth Amendment right to access to the court was denied because he was denied access to the law library; and (2) the district court erred in dismissing his claim that defendants Goord and Conway participated in this alleged violation by failing to train and supervise subordinate employees and by creating a policy of racial profiling that permitted such violations to occur." We also directed Avent "to state in his brief the specific harm to his civil cases and divorce action that access to the law library would have prevented."

"We review *de novo* a district court's dismissal of complaints under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). "The settled rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotation marks omitted). This court also has "frequently reiterated that '*sua sponte* dismissal of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored.'" *Id.* at 201 (quoting *Moorish Sci. Temple of Am., Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982)) (alteration marks omitted). We assume the parties' familiarity with the facts and the procedural history.

Although this court granted Avent *in forma pauperis* status with respect to "his Sixth Amendment right to access," in the past we have held that "the right of access to the courts is grounded not in the Sixth Amendment but in various other constitutional provisions." *Bourdon v. Loughren*, 386 F.3d 88, 95 (2d Cir.2004). The right of access of prisoners, "as de-

scribed by the Supreme Court, is rooted in the constitutional guarantees of equal protection of the laws and due process of law." *Id.* While inmates have no "abstract, free-standing right to a law library or legal assistance," an inmate can state a claim for denial of access to the courts where he alleges that the "shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). A prisoner may "show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." *Id.* In this case, we directed Avent to brief "the specific harm to his civil cases and divorce action that access to the law library would have prevented." After reviewing Avent's complaint and his brief, we are satisfied that he may be able to state a claim for the denial of access to the courts if given the opportunity to amend his complaint. *See* Compl. ¶¶ 13, 15; Avent's Br. at 7–9 (setting forth specific examples where the alleged denial of access resulted in harm to his pending legal claims).

█ We are also persuaded that Avent has made a sufficient showing of the personal involvement of defendants Goord and Conway. Because Goord and Conway are supervisory officials, to demonstrate personal involvement, Avent would have to show that they "(1) directly participated in the violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; or (4) [were] grossly negligent in supervising subordinates who caused the violation." *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir.1997) (citing *Williams v. Smith*,

781 F.2d 319, 323–24 (2d Cir.1986)). Based on our review of Avent's complaint, we are satisfied that he has presented allegations sufficient to satisfy the second and third requirements necessary to state a claim of personal involvement on the part of Goord and Conway. Although Avent's complaint is vague at times, he alleged that he had written grievances to "inmate grievance" and defendants Goord and Conway and that they had failed to remedy the violation after learning of it. Compl. ¶¶ 12, 16, 68. While a single grievance may be insufficient to demonstrate a supervisory official's personal involvement, *cf. Sealey*, 116 F.3d at 51, Avent would be able to clarify this potential deficiency, as it relates to Goord, through an amendment to his complaint. *See* Compl. ¶ 68. In any event, Avent has pleaded that Goord and Conway maintained a policy and custom that fostered the denial of Avent's access to the library. *See* Compl. ¶¶ 70–77, 81–82. On remand, the district court should permit Avent to clarify the number of times that he filed grievances with defendants Goord and Conway in relation to his denial of access claims, in the form of an amendment to his complaint.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby **VACATED** and the case is **REMANDED** with instructions that Avent be granted leave to amend his complaint in a manner consistent with this opinion.