10-434-pr
Green v. County of Monroe

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of June, two thousand eleven.

Present:
>
> JOHN M. WALKER, JR.,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges*.

_____

DAVID R. GREEN,

>*Plaintiff-Appellant*,

> v.                                                      No. 10-434-pr

COUNTY OF MONROE, PATRICK
M. O'FLYNN, Individually and in his official
capacity as Sheriff for the County of Monroe,
MICHAEL C. GREEN, Individually and in his
official capacity as District Attorney for the
County of Monroe, ROBIN UNWIN, Individually
and in her official capacity as Assistant District
Attorney for the County of Monroe, TONI GREEN,
a/k/a Toni Herring,[1]

>*Defendants-Appellees*.

_____

_____

[1] The Clerk of the Court is directed to amend the official caption consistent with the above.

FOR PLAINTIFF-APPELLANT:                    David R. Green, *pro se*, Hilton, New York.

FOR DEFENDANTS-APPELLEES:                   William K. Taylor, Monroe County
                                            Attorney (Brian E. Marianetti, *on the brief*),
                                            Rochester, New York.

Appeal from a judgment and order of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED** in part and **VACATED AND REMANDED** in part.

Plaintiff-Appellant David R. Green, proceeding *pro se*, appeals the district court's judgment *sua sponte* dismissing his 42 U.S.C. § 1983 complaint as well as the court's post-judgment order denying Green's motion for reconsideration and leave to amend. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When a district court *sua sponte* dismisses a complaint pursuant to 28 U.S.C. § 1915A, we review that determination *de novo*, bearing in mind that "when the plaintiff proceeds *pro se*, as in this case, a court is obliged to construe his pleadings liberally." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and although all allegations contained in the complaint are assumed to be true, this tenet "is inapplicable to legal conclusions," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Following an independent review of the record, we conclude that the district court properly dismissed all of Appellant's claims except those against Assistant District Attorney Robin Unwin and

2

Appellant's ex-wife, Toni Green (née Herring).

As a preliminary matter, we "have frequently reiterated that '[s]ua sponte dismissal of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.'" *McEachin*, 357 F.3d at 200 (quoting *Moorish Sci. Temple of Am., Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982)) (alteration in *McEachin*). Here, the district court *sua sponte* dismissed Appellant's complaint without affording him leave to amend. While we agree with the court that many of Appellant's claims in his original complaint were implausible, we think that the better course of action would have been for the court to allow Appellant to file an amended complaint so that he would have had the opportunity to plead additional allegations to support his claims. In fact, the record shows that Appellant did timely move for leave to amend after the district court dismissed his original complaint, and that he attached to his motion a proposed amended complaint. It does not appear, however, that the district court considered Appellant's motion, nor does it appear that the court reviewed the substance of Appellant's proposed amended complaint. Based on our own review of that complaint, we conclude that the district court's dismissal of Appellant's claims against Unwin and Toni Green was error.

The district court first dismissed Appellant's claims against Unwin on the basis that she was absolutely immune from suit because she was acting in her role as a prosecutor during the relevant events. Although it is well settled that a prosecutor is entitled to absolute immunity for acts undertaken pursuant to her traditional function as an advocate in the prosecutorial process, *see Doe v. Phillips*, 81 F.3d 1204, 1209 (2d Cir. 1996), a prosecutor is entitled only to qualified immunity where she "performs the investigative functions normally performed by a detective or police officer," *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Appellant alleged in his proposed amended complaint that Unwin performed a number of investigative functions,

3

including personally selecting the officers who investigated Toni Green's complaints, and conducting her own investigation of Green's accusation that Appellant stole a check out of her mailbox. Accepting these allegations as true, Unwin is not entitled to absolute immunity because these alleged acts were not undertaken pursuant to her prosecutorial duties. Additionally, we conclude that based on these and other allegations set forth in the proposed amended complaint, Appellant stated plausible claims for relief against Unwin and Toni Green. He alleged, *inter alia*, that Unwin and Green acted in concert to manipulate evidence which was later used to prosecute him, and that they misrepresented the scope of the underlying protection order. These allegations are sufficient to survive dismissal under 28 U.S.C. § 1915A. We emphasize, however, that we express no opinion as to the ultimate merit of Appellant's claims against Unwin and Green, since that issue is not relevant to the present appeal. *See McEachin*, 357 F.3d at 201 ("The issue at this stage 'is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))).

Accordingly, we **VACATE AND REMAND** the district court's judgment and order with respect to the dismissal of Appellant's claims against Unwin and Toni Green. We **AFFIRM** the judgment and order in all other respects for substantially the same reasons as identified by the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk