UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3997
_____

GARY WILLIAMS,

Appellant

v.

WARDEN LACKAWANNA COUNTY PRISON;
ATTORNEY GENERAL PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:14-cv-01669)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 5, 2015

Before:  FUENTES, SHWARTZ and ROTH, <u>Circuit</u> <u>Judges</u>


_____JUDGMENT ORDER_____

To the extent that a certificate of appealability is necessary for this appeal, see 28 U.S.C. § 2253(c)(1)(A), it is denied.  Otherwise, after consideration of all contentions raised by the appellant, it is ADJUDGED and ORDERED by this Court that the judgment of the District Court entered September 12, 2014, be and the same is hereby affirmed.

Although Williams captioned his case as a state habeas action against a prison warden for relief in the Lackawanna Court of Common Pleas, his claims did not sound in habeas.  His claims did not challenge to the fact or duration of his imprisonment, which is the essential purpose of the writ of habeas corpus.  <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484, 498-99 (1973).  He brought claims about the conditions of his confinement, namely Eighth Amendment claims about his medical care (or the lack thereof).  Such

claims by a state prisoner like Williams are properly brought in an action pursuant to 42 U.S.C. § 1983, not a habeas petition.  See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights action] is appropriate.")  Although we perhaps could, in an appropriate case, vacate a district court's dismissal of a habeas petition and remand for it to be treated a civil rights or similar complaint, see Moorish Sci. Temple, Inc. v. Smith, 693 F.2d 987, 989-90 (2d Cir. 1982); see also Haines v. Kerner, 404 U.S. 519, 521 (1972), such an outcome is not appropriate in this case where Williams already has a civil rights action pending relating to the same or similar claims and deliberately filed a different type of action.

Each side shall bear their own costs.

By the Court,


 s/ Jane R. Roth
Circuit Judge


ATTEST:

s/Marcia M. Waldron
Clerk

Dated:        June 29, 2016

2